Thomas L. Simek
tsimek@cftc.gov
Jennifer J. Chapin
jchapin@cftc.gov
Attorneys for Plaintiff
COMMODITY FUTURES TRADING COMMISSION
4900 Main Street, Suite 500
Kansas City, MO 64112
(816) 960-7700

SEAN D. REYES (7969)
Utah Attorney General
Thomas M. Melton (4999), tmelton@agutah.gov
Robert Wing (4445), rwing@agutah.gov
Jennifer Korb (9147), jkorb@agutah.gov
Paula Faerber (8518), pfaerber@agutah.gov
Assistant Attorneys General
Attorneys for Plaintiff
STATE OF UTAH DIVISION OF SECURITIES
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84114
(801) 366-0310

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>STATE OF UTAH DIVISION OF SECURITIES, through Attorney General, Sean D. Reyes,<br><br>Plaintiffs,<br>v.<br><br>RUST RARE COIN INC., a Utah corporation, and GAYLEN DEAN RUST, an individual,<br><br>Defendants; | CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST RELIEF DEFENDANT DENISE GUNDERSON RUST<br><br>Case No. 2:18-cv-892<br><br>Judge: Tena Campbell |

| | |
|---|---|
| and<br><br>DENISE GUNDERSON RUST, an individual, JOSHUA DANIEL RUST, an individual, ALEESHA RUST FRANKLIN, an individual, R LEGACY RACING INC, a Utah corporation, R LEGACY ENTERTAINMENT LLC, a Utah limited liability company, and R LEGACY INVESTMENTS LLC, a Utah limited liability company.<br><br>Relief Defendants. | |

On November 13, 2018, Plaintiffs Commodity Futures Trading Commission ("CFTC" or "Commission") and the State of Utah Division of Securities, through Attorney General Sean D. Reyes ("State of Utah") filed a Complaint for Permanent Injunction and Other Relief under the Commodity Exchange Act, ("Act"), Commission Regulations ("Regulations"), and the Utah Uniform Securities Act ("Utah Securities Act") against Defendants Gaylen Dean Rust ("Rust") and Rust Rare Coin, Inc. ("RRC"). Plaintiffs also named in the Complaint as Relief Defendants Denise Gunderson Rust ("Denise Rust"), Joshua Daniel Rust ("Joshua Rust"), Aleesha Rust Franklin ("Aleesha Franklin"), R. Legacy Entertainment, LLC ("R. Legacy Entertainment"), R. Legacy Racing Inc. ("R. Legacy Racing"), and R. Legacy Investments LLC ("R. Legacy Investments") (collectively "Relief Defendants").

In the Complaint, Plaintiffs allege that Defendants engaged in a fraudulent scheme in which they solicited money from investors and told investors Defendants would pool this money for the purpose of buying and then trading physical silver (the "Silver Pool"). However, Defendants did not use contributions from investors to purchase silver for the Silver Pool; instead, Defendants misappropriated investor funds and used these funds to make Ponzi payments to other investors, transfer money to Relief Defendants and to fund Rust's other

business ventures, and pay personal expenses. Plaintiffs further allege that Relief Defendants all received funds contributed by investors and have no legitimate claim to these funds.

On November 13, 2018, Plaintiffs moved the Court, pursuant to Section 6c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1(a) (2012) and Section 61-1-20(2) of the Utah Uniform Securities Act ("Securities Act"), and in accordance with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 65, for an ex parte statutory restraining order freezing assets, allowing inspection of records, and appointing a Temporary Receiver (the "SRO Motion"). In the SRO Motion, Plaintiffs also moved the Court to enter a preliminary injunction upon the expiration of the statutory restraining order.

On November 15, 2018, after considering Plaintiffs' SRO Motion, including the declarations and exhibits Plaintiffs submitted in support thereof, the Court granted the SRO Motion and entered a statutory restraining order (Docket No. 22) (1) prohibiting Defendants and Relief Defendants from withdrawing, transferring, removing, dissipating, and disposing of assets; (2) prohibiting Defendants and Relief Defendants from destroying, altering, or disposing of books, records, and other documents; and (3) appointing Jonathan O. Hafen, Esq. of Parr Brown Gee & Loveless as temporary receiver for Defendants and Relief Defendants. The Court set a hearing for Plaintiffs' Motion for Preliminary Injunction for November 27, 2018.

Plaintiffs and Defendant Rust subsequently reached an agreement to resolve Plaintiffs' Motion for Preliminary Injunction by consent, according to certain agreed-upon terms. On November 26, 2018, the Parties submitted those terms to the Court by filing a Motion for Entry of Consent Order of Preliminary Injunction and Other Equitable Relief and entry of a Receivership Order. Rust enters into this Order voluntarily, and no promise or threat has been made by the CFTC or the State of Utah, or any member, officer, agent, or representative of the

CFTC or the State of Utah, to induce Rust to consent to this Order. Plaintiffs and Relief Defendant Denise Rust have also reached an agreement by which Denise Rust agrees to resolve Plaintiffs Motion for Preliminary Injunction by consent as it applies to her. Denise Rust enters into this Order voluntarily, and no promise or threat has been made by the CFTC or the State of Utah, or any member, officer, agent, or representative of the CFTC or the State of Utah, to induce Denise Rust to consent to this Order.

In consideration of the foregoing, and based on the entire record in this case, the Court finds that there is good cause to believe that a preliminary injunction is proper in this case to preserve the status quo; prevent the withdrawal, transfer, removal, dissipation or disposal of assets; prevent the destruction, alteration, or disposal of books and records and other documents; protect members of the public from loss and damage, and enable the CFTC and the State of Utah to fulfill their statutory duties. The Court hereby grants the Motion on the terms and conditions to which Plaintiffs and Rust have stipulated, as set forth below.

## RELIEF GRANTED

**IT IS HEREBY ORDERED that:**

## I. Jurisdiction and Venue

1. Denise Rust has been properly served with a Summons and a copy of the Complaint. (Docket No. 32). This Court has jurisdiction over the parties and over the subject matter of this case. 7 U.S.C. § 13a-1 (2012) and Utah Code Ann. § 61-1-20(2) authorize the Court to enter a preliminary injunction against Denise Rust.
2. Venue lies properly within this District pursuant to 7 U.S.C. § 13a-1(e) (2012).
3. The Parties waive the entry of findings of fact and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure, and the Court accepts that waiver.

**II. Prohibition on the Withdrawal, Transfer, Removal, Dissipation, and Disposal of Assets**

4. Except to the extent modified in this Order or by further order of this Court, Denise Rust is immediately restrained and enjoined from directly or indirectly withdrawing, transferring, removing, dissipating, or otherwise disposing of any assets wherever located including Defendants and Denise Rust's assets held outside the United States, except as provided otherwise in Sections IV, V, and VI of the Statutory Restraining Order.

**III. Prohibition on the Destruction, Alteration, or Disposal of Books, Records and other Documents**

5. The prohibition in paragraph 20 of the Order Granting Plaintiffs' Ex Parte Emergency Motion for Statutory Restraining Order (Docket No. 22) on Denise Rust's destruction, alteration, or disposing of, in any manner, any books, records or other documents that relate or refer to the business activities or business or personal finances of Denise Rust or any other Defendant or Relief Defendant shall continue in full force and effect.

**IV. Force and Effect**

6. This Consent Order shall remain in full force and effect until further order of the Court, and the Court retains jurisdiction of this matter for all purposes. Any party may petition this Court upon proper notice to amend or lift the Preliminary Injunction or Consent Order.

IT SO ORDERED, at Salt Lake City, Utah, on this 27th day of November 2018, at 11:33 a.m.

Tena Campbell

Hon. Tena Campbell
United States District Judge