Joseph M.R. Covey (7492) (jcovey@parrbrown.com)
Cynthia D. Love (14703) (clove@parrbrown.com)
Stephen C. Mouritsen (16523) (smouritsen@parrbrown.com)
**PARR BROWN GEE &LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532 7750

*Attorneys for Johnathan O. Hafen as Receiver for the Rust Rare Coin Receivership*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>STATE OF UTAH DIVISION OF SECURITIES, through Attorney General Sean D. Reyes<br><br>    Plaintiffs,<br>    v.<br><br>RUST RARE COIN INC., a Utah corporation, and GAYLEN DEAN RUST, an individual, DENISE GUNDERSON RUST, an individual, JOSHUA DANIEL RUST, an individual,<br><br>    Defendants;<br><br>and<br><br>ALEESHA RUST FRANKLIN, an individual, R LEGACY RACING INC, a Utah corporation, R LEGACY ENTERTAINMENT LLC, a Utah limited liability company, and R LEGACY INVESTMENTS LLC, a Utah limited liability company.<br><br>    Relief Defendants. | **FIRST INTERIM FEE APPLICATION**<br><br><br>Civil No. 2:18-cv-00892-TC<br><br><br><br>FILED UNDER SEAL PURSUANT TO COURT ORDER (DOCKET NO. 134) |

Jonathan O. Hafen, the Court-Appointed Receiver over the assets of the following Defendants and Relief Defendants: Rust Rare Coin Inc., Gaylen Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, "Receivership Defendants"), hereby submits this first interim fee application (the "Fee Application"), seeking approval by the Court for the fees and expenses incurred by the Receiver, the Receiver's counsel Parr Brown Gee & Loveless ("Parr Brown"), and the Receiver's accountants Berkeley Research Group ("BRG"), for the period of November 15, 2018 through December 31, 2018 (the "Application Period"). The Receiver seeks authorization to pay all allowed fees and expenses from the Receivership Estate once the Receiver has recovered an amount equal to three times the fees requested. In support hereof, the Receiver states as follows:

## I.      CASE BACKGROUND

1.      Mr. Hafen was approached by the CFTC and Division of Securities on approximately November 7, 2018 regarding his willingness to serve as Receiver in this matter should the Court choose to appoint him. Mr. Hafen indicated his willingness to serve if appointed and began working with the Commodity Futures Trading Commission ("CFTC") and the Utah Division of Securities in preparation for the filing of this action and a potential appointment as Receiver.

2.      On November 13, 2018, the above-captioned case was formally commenced by the CFTC and the Utah Division of Securities against the Receivership Defendants. *See* Dkt. No. 1.

3.      On November 15, 2018, the Court entered an *Order Granting Plaintiffs' Ex Parte Motion for Statutory Restraining Order, Appointment of Receiver, and other Equitable Relief* (the "Freeze Order"). *See* Dkt. No. 22.

4.      On November 21, 2018, the Court entered an order granting the Receiver's *Motion for Order Authorizing Receiver to Employ Attorneys*, authorizing the Receiver to retain Parr Brown as counsel for the Receivership Estate. *See* Dkt. No. 40. That same day, the Court entered a similar order granting the Receiver's *Motion for Order Authorizing Receiver to Employ Accountants*, authorizing the Receiver to retain BRG to perform accounting and investigative services for the Receivership Estate. *See* Dkt. No. 41.

5.      Subsequently, on November 27, 2018, the Court entered an *Order Appointing Receiver and Staying Litigation* (the "Appointment Order"). *See* Dkt. No. 54.

6.      Since the initial contact from the Utah Division of Securities, the Receiver has worked in concert with his counsel, Parr Brown, and his accountants, BRG, to identify and secure Receivership Assets, including cash and real and personal property, to wind down the business operations of the Receivership Defendants, and to identify claimants and creditors of the Receivership Estate.

7.      The Receiver filed his *Initial Quarterly Status Report*, which includes a status report for the period of November 15, 2018 through December 31, 2018 (the "First Status Report").[1] The First Status Report provides a comprehensive description of the services performed by the Receiver and his professionals during the Application Period and is incorporated herein by reference.

## II.    REQUEST FOR COURT APPROVAL OF FEES AND EXPENSES.

8.      The Appointment Order provides, in the relevant part:

57. Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any

---

[1] Docket No. 98, filed January 31, 2019.

Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

58. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. The Receiver and Retained Personnel shall not be compensated or reimbursed by, or otherwise entitled to, any funds from the Court, the CFTC, or the State of Utah. Such compensation shall require the prior review by Plaintiffs and approval of the Court.

## III.   FEES AND EXPENSES REQUESTED ARE ACTUAL, NECESSARY AND REASONABLE FOR THE SERVICES RENDERED

9.      During the Application Period, the Receiver and his professionals have provided actual and necessary services for the Receivership Estate as summarized below and detailed in the Exhibits attached hereto. The Exhibits also detail the out-of-pocket expenses incurred by the professionals in rendering services to the Receivership Estate.

10.     Parr Brown and BRG have submitted their invoices to the Receiver on a monthly basis, and the Receiver has reviewed and approved the invoices.

11.     This Fee Application complies with the billing instructions set forth in the Appointment Order. The Receiver submitted this Fee Application to the Utah Division of Securities and CFTC prior to filing it with the Court, and both has informed the Receiver that they have no objection to the payment of the fees and reimbursement of the expenses outlined herein.

12.     The Receiver believes that the fees and expenses are reasonable, especially in light of the volume of work that has been done over the Application Period. The Receiver also believes that the services rendered and the expenses advanced have been beneficial to the Receivership Estate.

13.     At the Receiver's request, and as set forth in more detail below, the Receiver and his professionals have agreed to voluntarily write off certain time, freeze billing rates and delay payment, all in an effort to benefit the Estate.

**IV.     SUMMARY OF AMOUNTS REQUESTED**

14.     At the time the Freeze Order was entered, the Receivership Estate included approximately 70 employees in numerous business locations both inside and outside of the State of Utah, bank accounts at several financial institutions, numerous commercial and residential properties in several states, and a significant horse breeding and racing operation spread over several states. The Receiver and his professionals were charged with taking control of and securing all of the Receivership Assets immediately upon the Receiver's temporary appointment through the Freeze Order. A significant amount of work was necessary to notify financial institutions, agents, brokers and others holding assets of the Receivership Estate, and to work in cooperation with the FBI, CFTC and the Utah Division of Securities to physically secure all known Receivership Assets, in their various locations, upon entry of the Freeze Order.

15.     Notwithstanding the necessary work performed prior to his formal appointment, the Receiver and his professionals have agreed to voluntarily write off all fees they incurred prior to entry of the Freeze Order. As an additional benefit to the Estate, the Receiver and Parr Brown have agreed to not increase their rates at the beginning of each calendar year as would be their customary practice, but will freeze their billing rates for the duration of the case at the rates that existed when the Receiver was appointed.  Moreover, while the Receiver is seeking the Court's approval of the fees and expenses outlined below, the Receiver will not take any fees or be reimbursed for any expenses from the Receivership Estate until *after* the Receiver recovers into the Estate at least three times the amount of the fees requested.

16.     The total amounts requested for the Receiver and his professionals in this Fee Application, including the relevant voluntary write downs for pre-appointment work are summarized below:

a.     <u>Receiver</u>: Through December 31, 2018, the Receiver has billed a total of 143.20 hours for receivership services to the Estate. The Receiver is seeking approval for the payment of the $43,992 in fees, which includes a voluntary write down of $7,560 for work performed prior to his appointment by this Court. *See* Exhibit A.

b.     <u>Parr Brown</u>: Through December 31, 2018, Parr Brown has billed a total of 1,344.70 hours for legal services to the Receivership Estate. Parr Brown is seeking approval for the payment of $288,971.5 in fees and out-of-pocket expenses in the total amount of $23,618.61. *See* Exhibit B. These amounts include a voluntary write down of $41,491.

c.     <u>BRG</u>: Through December 31, 2018, BRG has billed a total of 308.2 hours providing forensic and general accounting services to the Receivership Estate. BRG is seeking approval for payment of $87,421.28 and out-of-pocket expenses of $273.53. *See* Exhibit C. These amounts include a voluntary write down of $4,426.

17.     The amounts requested reflect a total of $53,477 of voluntary reductions (over 12% of total fees) by the respective professionals in an exercise of their billing judgment.

18.     The Receivership Estate has sufficient funds to pay all amounts requested; however, the Receiver and his professionals will not take any fees or be reimbursed for any expenses from the Receivership Estate until *after* the Receiver recovers at least $1,332,831 for the Estate—which is three times the total amount of the fees requested.

## V.     SUMMARY OF EXHIBITS

19.     Professional services have been recorded contemporaneously with services being rendered and these services, as well as the expenses incurred, are detailed in the attached three Exhibits described below.

20.     The Receiver and Parr Brown have maintained their time in records organized according to tasks, with each task record being maintained in chronological order. BRG has maintained its time in monthly time reports, with each month being broken into task categories.

21.     The following three Exhibits are attached hereto in support of this Fee Application:

### Exhibit A—Time Records of Receiver

**Exhibit A**                          **Summary by Task**

This section of Exhibit A breaks down the total fees assessed for each of the Receiver's tasks, which are discussed in more detail below.

**Exhibit A-1**                          **Administration of Receivership Estate**

During the Application Period, the Receiver worked closely with the Utah Attorney General's office, the CFTC, the FBI, and the Utah Division of Securities to plan for and implement the administration of the Receivership. The Receiver retained and coordinated the efforts of his counsel and his forensic accounting team. The Receiver oversaw the creation of a process that has identified some 600 potential claimants, including former investors, creditors, and employees of the Defendants and Relief Defendants. The Receiver worked to ensure that investors, creditors, and former employees are updated as to the status of the case. The Receiver worked diligently with his legal team to implement the Court's orders with respect to the Receivership Estate and to keep the Court informed of the Receiver's progress. The Receiver also oversaw the winding down of each of the business entities owned and operated by the Defendants and Relief Defendants.  The

Receiver communicated with numerous investors and creditors via email and telephone, and met with them in large and small groups, to answer questions and explain how the receivership process works.

#### Exhibit A-2             Asset Analysis & Recovery

The Receiver coordinated the efforts of his counsel and his forensic accountant teams to locate, recover, and evaluate the assets of the Receivership Estate. The Receiver oversaw the work of his legal team to take possession of and evaluate assets as wide ranging as (i) bullion, rare coins and currency, and other memorabilia, (ii) an audio-production studio in Salt Lake City, (ii) a video-production studio in Provo, (iii) an event storage space used for weddings and other events, (iv) an event-planning company, (v) a music education company that specialized in high-end videos designed to teach music students to play various instruments, (vi) a horse-racing operation owning approximately 100 thoroughbred racehorses, (vii) a music retailer, (viii) a songwriter's studio, (ix) a music publishing house, (x) automobiles, and (xi) various insurance policies. The Receiver has coordinated with the various stakeholders, including landlords, property owners, and former employees to identify and evaluate these assets and prepare them for sale.

#### Exhibit A-3             Disposition of Assets

The Receiver engaged specialists in evaluating the assets in the Receivership Estate to determine the most efficient and effective means of disposition of these assets. The Receiver discussed the sale of assets with potential buyers and worked to liquidate assets of various companies by engaging brokers and other professionals. The Receiver worked to ensure that this Court was apprised of any potential sales of assets and that any such sales complied with this Court's order and applicable law.

<u>**Exhibit B—Time Records of Parr Brown**</u>

**Exhibit B**                              **Summary by Task**

This section of Exhibit B breaks down the total fees assessed for each of Parr Brown's tasks, which are discussed in more detail below.

**Exhibit B-1**                       **Administration of Receivership Estate**

During the Application Period, the Parr Brown worked closely with the Receiver to plan for and implement the administration of the Receivership. Attorneys from Parr Brown assisted with the winding down of the businesses of the Defendants and Relief Defendants. Parr Brown met with approximately 70 employees, placing employees on unpaid leaves of absences, terminating employees, and handling employee pay and benefits issues. Receiver's counsel met with employees of each of the affected businesses and provided them with a copy of the Court's freeze order, supervised their removal of personal items from the relevant businesses, and obtained their contact information. Parr Brown also created a website where investors, customers, vendors, and tenants can submit their contact information, obtain a copy of the Appointment Order, read news related to the Receivership, and obtain copies of recent court filings. Parr Brown also served copies of the Complaint and Appointment Order to the Receivership Defendants and has served copies of the Appointment Order in numerous jurisdictions where the Receivership Estate is believed to hold assets.

**Exhibit B-2**                       **Asset Analysis & Recovery**

Parr Brown worked to locate, recover, and value the assets of the Receivership Estate. As noted above, these assets include millions of dollars' worth of both real and personal property scattered across numerous states. Parr Brown also worked to recover assets of the Receivership Estate held by any of the 70 former employees of Defendants and Relief Defendants. Parr Brown

worked with the Receiver's forensic accountants to review and analysis the cash activity of the Receivership Estate and to identify potential "net winners" for future recovery action. Parr Brown also coordinated the removal of Receivership assets from various business locations and secured and changed locks at Receivership business locations to secure Receivership assets.

**Exhibit B-3**          **Disposition of Assets**

Parr Brown worked to coordinate the sale of assets of the Receivership, including real and personal property, consistent with the Appointment Order. Parr Brown worked with specialists and appraisers in order to value these assets, and has engaged a liquidation group to dispose of additional Receivership assets. Parr Brown oversaw the auction of some of the furniture, fixtures and equipment held by Defendant Rust Rare Coin. Parr Brown scheduled an auction to sell one of the Defendants' business entities (Big Door), and is coordinating efforts to find buyers for some of Defendants' other business property. Parr Brown also worked with brokers to auction several of the race horses owned by the Receivership Estate. Parr Brown has overseen the sale of a house and farm land in Ohio, and has worked to keep this Court informed and seek this Court's approval of any sale of Receivership assets and to ensure that any such sale complies with this Court's orders and applicable law.

**Exhibit B-4**          **Business Operations**

Parr Brown assisted in the operations of Sage & Thistle on a limited based for a five week period, and to wind down the business operations of the business entities of the Defendants and Relief Defendants. Parr Brown also worked to address concerns of former employees and worked to ensure that these former employees received their relevant tax and payroll information.

**Exhibit B-5**                    **Claims Administration**

Parr Brown worked to identify some 600 individuals and entities who are potential claimants of the Receivership Estate, including investors, business creditors, customers, and employees of receivership entities. Parr Brown created the website Rust Rare Coin Receivership Information Page at https://rustrarecoinreceiver.com/, where potential claimants can provide their contact information. From this information, Parr Brown is creating a master mailing matrix that is regularly updated to keep potential creditors apprised of the progress of the case.

**Exhibit C—Time Records of BRG**

**Exhibit C**                    **Nov. 15 through Dec. 31 Invoice**

During the Application Period, the Receiver's forensic accountants at BRG worked with the Receiver and the Receiver's counsel Parr Brown to evaluate the historic cash activity and funds transfers of the Defendants and Relief Defendants, to analyze the financial records and bookkeeping data of the Defendants and Relief Defendants, and to determine the financial status of each business entity owned by Defendants and Relief Defendants. BRG provided tax services for the Receivership Estate. BRG also worked closely with the Receiver in order to identify net winners from Defendants' scheme and to provide the Receiver with the information necessary to prepare to implement recovery actions against the same.

## VI.    PRIOR REQUESTS AND INTERIM NATURE OF REQUEST

22.    This is the first Fee Application of the Receiver and his professionals. Thus, there have been no earlier requests for payment made to the Court, and the Receiver has not paid himself, Parr Brown or BRG to date.

23.    The Receiver and his professionals understand that the authorization and payment of fees and expenses is interim in nature. All fees and expenses allowed on an interim basis will

be subject to final review at the close of the case and the discharge of the Receiver when the Receiver files a final accounting and final fee application.

24.     For the reasons set forth above and as supported by the Exhibits attached hereto, the Receiver respectfully submits that the fees and expenses requested herein are for actual services that were necessary for and beneficial to the administration of the Receivership Estate. The Receiver has made every attempt to contain the administrative expenses of this Receivership Estate, and the Receiver submits that given the work that has been performed as reflected in the attached time entries, the fees and expenses that have been incurred are reasonable.

25.     Pursuant to Paragraph 62 of the Appointment Order, Dkt, No. 52, the Receiver represents and avers that this Fee Application complies with the terms of the Billing Instructions agreed to by the Receiver, the fees and expenses included therein were incurred in the best interests of the Receivership Estate, and the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

26.     The Receiver respectfully requests that the Court enter an Order (i) approving, on an interim basis, the Receiver's fees in the amount of $43,992; Parr Brown's fees in the amount of $288,971 and out-of-pocket expenses of $23,618.61, and BRG's fees in the amount of $87,421.28 and out-of-pocket expenses of $273.53; and (ii) authorizing the Receiver to pay these fees and reimburse the expenses from the Receivership Estate once the Receiver has recovered into the Estate at least $1,261,154.34—which is three times the amount of fees requested.

27.     A proposed Order is attached hereto as Exhibit D.

The Receiver, Jonathan O. Hafen, Parr Brown, and BRG verify under penalty of perjury that the foregoing is true and correct.

DATED this 22th day of February, 2019.

**RECEIVER**

_____
Jonathan O. Hafen, Receiver

**PARR BROWN GEE & LOVELESS, P.C.**

_____
Joseph M.R. Covey
Cynthia D. Love
Stephen C. Mouritsen
*Attorneys for receiver Jonathan O. Hafen*

**BERKELEY RESEARCH GROUP**

_____
Ray Strong

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the above **FIRST INTERIM FEE APPLICATION** was (1) electronically filed with the Clerk of the Court through the CM/ECF system on March 8, 2019, which sent notice of the electronic filing to all counsel of record, (2) posted on the Receiver's website (rustrarecoinreceiver.com), and (3) emailed to all those on the Receiver's master mailing matrix.

_/s/ Joseph M.R. Covey_
Joseph M.R. Covey