WALTER F. BUGDEN, JR. (480)
BUGDEN & ISAACSON, L.L.C.
445 East 200 South, Suite 150
Salt Lake City, UT 84111
Telephone: (801) 467-1700
Facsimile: (801) 746-8600
Email: Wally@bilaw.net

Attorney for Relief Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>STATE OF UTAH DIVISION OF SECURITIES, through Attorney General, Sean D. Reyes,<br><br>　　Plaintiffs,<br><br>vs.<br><br>RUST RARE COIN INC., A Utah corporation, and GAYLEN DEAN RUST, an individual,<br><br>　　Defendants;<br><br>and<br><br>DENISE GUNDERSON RUST, an individual, JOSHUA DANIEL RUST, an individual, ALEESHA RUST FRANKLING, an individual, R LEGACY RACING INC, a Utah corporation, R LEGACY ENTERTAINMENT LLC, a Utah limited liability company, and R LEGACY INVESTMENTS LLC, a Utah limited liability company.<br><br>　　Relief Defendants. | **PERSONAL PROPERTY DECLARATION OF DENISE RUST**<br><br><br>**Case No. 2:18-cv-892**<br><br>**Judge Tena Campbell** |

STATE OF UTAH )
: ss
COUNTY OF SALT LAKE )

Denise Rust, being first duly sworn, deposes and says:

1. The furniture in my home, which I would like to keep or gift to my children, was acquired many years, and in most cases, decades before 2008.

2. The following items were gifts given to me by my parents, grand-parents, or parents-in-law:

   - Rocking chair / gift from my parents / 1960
   - Washer/dryer / gift from my parents-in-law / 1980
   - Dresser with mirror / gift from my parents on my 16th birthday
   - Cedar chest / gift from my grandparents on my 16th Christmas
   - Nightstand /gift from my parents on my 16th birthday
   - Music box / gift from my parents / unknown date; but before 2008

3. The following items were acquired decades ago. I don't recall all the dates.

   - Brown leather sofa
   - Brown leather loveseat
   - Brown leather hassock
   - Cabinet with 2 drawers and 2 doors
   - Black and gold armchair
   - Coffee table
   - Antique music cabinet - 1986
   - Dining table - 1986
   - 12 chairs with dining table -1986
   - 5 stools
   - Cabinet 2 doors
   - Music file
   - Dresser
   - Queen bed – 2005
   - Bookcase
   - Nightstand – gift
   - Cedar chest – gift

2

- Shelves
- Spare bed
- Blue Recliner – 1985
- Chair
- Twin beds – 2000
- Antique dresser – 1985
- 2 filing cabinets – 1995 / 1988
- 2 green leather chairs - 1998
- Desk with shelves – 2004
- Tall chest of drawer – 2010
- Yard tools and equipment – acquired between 1990-1995
- Elliptical exercise machine – acquired in 2004 or 2005

4. I purchased a bedroom set consisting of an upholstered chair, bed with headboard, dresser with mirror, and nightstand in 2017. I would like to have furniture for my bedroom

- Upholstered chair
- Bed frame with headboard
- Dresser with mirror
- Nightstand

5. I own and would like to keep a Kawai upright grand piano which I purchased in 1985 and paid for by teaching piano lessons.

6. Jewelry

   I sold jewelry to Cascade Refinery.

   I sold jewelry on 4 occasions:

   a) December 27, 2019

   b) January 17, 2020

   c) May 13, 2020

   d) September 4, 2020 -  Wedding ring/1980 and earrings and pendant /1985

3

7. A few of the items sold to Cascade Refinery was jewelry that belonged to Gaylen. This included his wedding ring, cufflinks and another ring which he owned before we were married in 1980.

8. I kept a total of $1153.85 from the jewelry sales. Gaylen received a total of $1069.46. Of this amount $891.77 was paid to Snow, Christensen and Martineau for a private investigator.

9. All the jewelry I sold to Cascade Refinery was acquired long before 2008. No proceed funds were used to buy this jewelry. My wedding ring, for example, was received in 1980. The other pieces were gifts at Christmas, Mother's Day, or my birthday, and all were received before 2000.

10. Because no proceed funds were used to purchase this jewelry, I did not think I was violating the Freeze Order.

11. I listed the jewelry sales on my presentence report worksheet provided to Heidi Groussman with Federal Probation. I thought I was disclosing exactly what I needed to disclose.

12. My request concerning the rental of the farm house to my daughter is a practical suggestion. The receiver has taken possession of her home in Alaska. She and her family need a place to live. The farm house was previously rented for $800 a month. The tenants moved out and it sits vacant. It was built in 1934. It is very basic: 1¼ bathrooms, no garage, no disposal or dishwasher, 1200 sq. feet. Until this court has ruled on the disposition of the real property, permitting my daughter to pay rent and reside in the property would add value to the receiver's estate. The

receiver would receive rental income and my daughter would have a place to live.

DATED this 14th day of October, 2020

_____
Denise Rust

SUBSCRIBED AND SWORN to before me this 14 day of October, 2020

Notary Public State of Utah
LORI HOFFMAN
Comm. #706466
My Commission Expires
May 24, 2023

_____
NOTARY PUBLIC

5