# Exhibit A

7

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "**Settlement Agreement**"), dated as of March 24, 2022, is entered into by and between Lynn and Darlene Goodsell (collectively the "**Goodsells**") on the one hand, and Jonathan O. Hafen, solely in his capacity as Court-Appointed Receiver (the "**Receiver**") for the assets of Rust Rare Coin Inc., Gaylen Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, R Legacy Investments LLC, Denise Gunderson Rust, and Joshua Daniel Rust (collectively, the "**Receivership Defendants**"), on the other hand. Each of the Goodsells and the Receiver are referred to herein individually as a "**Party**" and collectively as the "**Parties**."

## RECITALS

A. Since at least 2008, Receivership Defendants have operated a fraudulent silver investment pool (the "**Silver Pool**") in the manner of a classic Ponzi scheme through which investors were told that their funds would be used to purchase and trade physical silver. Instead, Receivership Defendants used funds from new investors to pay exorbitant returns to existing investors and to fund Receivership Defendants' other business ventures.

B. From approximately December 2008 through January 2018, the Goodsells claim to have paid approximately $1,000,000 to Receivership Defendants with the understanding that those amounts would be used to purchase and store physical silver.

C. From approximately November 2014 through October 2018, the Goodsells collectively received a total of $1,840,000.00 from Receivership Defendants.

D. On or about October 11, 2019, the Receiver and the Goodsells entered into a Tolling Agreement pursuant to which the statutes of limitation applicable to the Receiver's claims (*i.e.*, claims to "claw-back" any amounts the Goodsells received from Receivership Defendants in excess of the total amount they paid to Receivership Defendants) against the Goodsells were tolled.

E. The Parties desire now to resolve all potential claims and disputes which now exist, or which may exist in the future regarding payments made by any of the Receivership Defendants to the Goodsells.

NOW THEREFORE, in consideration of the representations, warranties, covenants, and agreements contained herein, and for other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, and upon and subject to the terms and the conditions hereinafter set forth, the Parties do hereby agree as follows:

## AGREEMENT

1. **Court Approval**. This Settlement Agreement is conditioned on and subject to approval by the Court in the lawsuit styled *Commodity Futures Trading Commission, et al. v. Rust Rare Coin Inc., et al.* No. 2:19-cv-892 (D. Utah Nov. 27, 2018) (the "**Lawsuit**"). The Receiver shall, within twenty-one (21) days of the last Party's execution of this Settlement Agreement, draft and file a Motion with the Court seeking such approval. The "**Effective Date**" of this Settlement Agreement shall be the date on which the Court in the Lawsuit enters an order approving this Settlement Agreement. In the event the Court denies the motion to approve this Settlement Agreement, this agreement shall be void and of no effect.

2. **Settlement Payment**. In full satisfaction of all claims the Receiver may have now or in the

1

future against the Goodsells related to the payments they received from Mr. Rust or any of the other Receivership Defendants, the Goodsells shall pay the Receiver Four Hundred Twenty-Five Thousand Dollars ($425,000.00) within sixty (60) days (the "**Settlement Payment**") of the date hereof or thirty (30) days of the Effective Date, whichever is later.

3. **The Goodsells' Release.** To the maximum extent permitted by law, and except as provided below, each of the Goodsells, on behalf of themselves and their successors, assigns, attorneys, and representatives (the "**Goodsell Releasing Parties**"), hereby releases, acquits, discharges, and agrees to hold harmless the Receiver, the Receivership Defendants, and the receivership estate, their affiliates, predecessors, successors, assignors, and assignees (the "**Rust Releasees**") from any and all claims, liabilities, damages, charges, demands, grievances, lawsuits, suits and causes of action of any kind or nature whatsoever, whether direct or indirect, liquidated or unliquidated, known or unknown, currently accrued or which may hereafter accrue (hereinafter, "**Claim**"), which the Goodsell Releasing Parties had, have, or may claim to have against the Rust Releasees, relating to the Silver Pool and/or any investment by the Goodsells therein. Each of the Goodsells, on behalf of themselves and the Goodsell Releasing Parties further covenants and agrees that he/she/it will refrain and forbear from commencing, instituting, prosecuting, or continuing, any lawsuit, action, claim, right, demand, cause of action, suit or other proceeding (including filing any further claim) against the Receiver, the Receivership Defendants, and the receivership estate. Any claims to enforce rights, obligations, and duties arising out of this Settlement Agreement are excepted from this release.

4. **Receiver Release.** To the maximum extent permitted by law, and in consideration of the Settlement Payment, on the Effective Date, the Receiver and its predecessors, successors, assignors, and assignees (the "**Receiver Releasing Parties**") hereby release, acquit, discharge, and agree to hold harmless the Goodsell Releasing Parties from all Claims which the Receiver Releasing Parties had, have, or may claim to have against the Goodsell Releasing Parties related to the Silver Pool or any dealing with Rust Rare Coin, Inc. or Gaylen Rust, and/or any investment or distribution therefrom. The Receiver Releasing Parties further covenant and agree that they will refrain and forbear from commencing, instituting, prosecuting, or continuing, any lawsuit, action, claim, right, demand, cause of action, suit or other proceeding against the Goodsell Releasing Parties. Any claims to enforce rights, obligations, and duties arising out of this Settlement Agreement are excepted from this release.

5. **Attorney Fees.** Each Party shall bear his or her own attorney's fees and costs in connection with this Settlement Agreement through the Effective Date, including the negotiation, documentation, execution, delivery, and performance of this Settlement Agreement. Notwithstanding the preceding sentence, should any action, suit or proceeding be commenced by any Party to this Settlement Agreement to enforce any provision hereof, the prevailing Party shall be entitled to recover reasonable attorneys' fees, all costs (whether denominated as such in 28 U.S.C. § 1920), and expert expenses incurred in said action, suit or proceeding, including any appeal.

6. **Non-Assignment.** Each Party represents and warrants to all of the other Parties and each of them, that it has not assigned or transferred any of the claims or interests addressed in this Settlement Agreement. Each Party agrees to defend and indemnify all of the other Parties and each of them against any claim based upon, arising out of, or arising in connection with any such alleged or actual assignment or transfer.

7. **Opportunity for Consultation with Counsel.** The Parties represent and warrant that they have each been given adequate time and notice of their right to retain and consult an attorney regarding their rights and obligations under this Settlement Agreement and the effect of this Settlement Agreement on any rights or purported rights previously held by either of the Parties.

**17. Further Cooperation.** Except as otherwise provided herein, the Parties hereto shall execute, acknowledge, and deliver or cause to be executed, acknowledged, or delivered in a timely manner all such further instruments and documents as may be reasonably necessary or reasonably desirable to effectuate the terms and provisions of this Settlement Agreement.

**18. Enforceability; Interpretation.** The validity, enforcement, interpretation, and performance of this Settlement Agreement shall be governed by Utah law without regard to any conflicts or choice of laws principles.

**19. Recitals.** The Recitals set forth above are incorporated herein as an integral part of this Settlement Agreement.

**IN WITNESS WHEREOF**, this Settlement Agreement has been executed as of the date set forth above.

*[Remainder of Page Intentionally Blank; Signature Page Follows.]*

| | |
|---|---|
| **RECEIVER:** | **THE GOODSELLS:** |
| _____ | _____ |
| JONATHAN O. HAFEN | LYNN GOODSELL, individually |
| In his capacity as Court-Appointed Receiver for the Receivership Defendants in *Commodity Futures Trading Commission v. Rust Rare Coin, Inc.*, No. 2:19-cv-892 (D. Utah Nov. 27, 2018) | _____ |
| | DARLENE GOODSELL, individually |

**RECEIVER:**

_____
JONATHAN O. HAFEN
In his capacity as Court-Appointed Receiver for
the Receivership Defendants in *Commodity
Futures Trading Commission v. Rust Rare Coin,
Inc.*, No. 2:19-cv-892 (D. Utah Nov. 27, 2018)

**THE GOODSELLS:**

*Lynn Goodsell*
LYNN GOODSELL, individually

*Darlene Goodsell*
DARLENE GOODSELL, individually