Joseph M.R. Covey (7492) (jcovey@parrbrown.com)
Cynthia D. Love (14703) (clove@parrbrown.com)
Claire M. McGuire (17678) (cmcguire@parrbrown.com)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Court-Appointed Receiver Jonathan O. Hafen*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>STATE OF UTAH DIVISION OF SECURITIES, through Attorney General Sean D. Reyes<br><br>    Plaintiffs,<br>       v.<br><br>RUST RARE COIN INC., a Utah corporation, and GAYLEN DEAN RUST, an individual, DENISE GUNDERSON RUST, an individual, JOSHUA DANIEL RUST, an individual<br><br>    Defendants;<br><br>and<br><br>ALEESHA RUST FRANKLIN, an individual, R LEGACY RACING INC., a Utah corporation, R LEGACY ENTERTAINMENT LLC, a Utah limited liability company, and R LEGACY INVESTMENTS LLC, a Utah limited liability company.<br><br>    Relief Defendants. | **MOTION SEEKING APPROVAL OF CLAIMS OBJECTION RESOLUTION PROCEDURES AND CLAIMS BAR DATE**<br><br><br>Case No. 2:18-cv-892<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

1

Jonathan O. Hafen, the Court-Appointed Receiver (the "Receiver") for the assets of Rust Rare Coin, Inc. ("RRC"), Gaylen D. Rust, Denise G. Rust, and Joshua D. Rust (collectively, "Defendants") and Aleesha Rust Franklin, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, "Relief Defendants" and, together with Defendants, "Receivership Defendants"), respectfully requests that the Court approve the proposed claim registry procedures and claims bar date described in this Motion. Specifically, the Receiver requests that the Court:

1. Approve the claims registry procedures as set forth below;

2. Approve the form of the attached example "Claims Registry Form", attached hereto as Exhibit A, and accompanying "Claims Registry Instructions" attached as Exhibit B;

3. Approve the form and content of the "Bar Date Notice", attached as Exhibit C;

4. Establish the deadline for claimants submitting a Response (defined below) to the Receiver's Claim determination, including a response to any objection lodged by the Receiver, as 45 days from the mailing of the Bar Date Notice (the "Response Bar Date");

5. Approve the form and content of the proposed "Response Form", attached as Exhibit D;

6. Order that the Receiver's proposed treatment of a Claim, as reflected in the Claims Registry (defined below), shall become final and binding if the Claimant does not file a Response by the Response Bar Date;

7. Order that each Response Form must be completed in its entirety, signed under penalty of perjury and timely filed with the Receiver, and that failure to do so shall render the Response Form invalid, unless accepted by Receiver in his discretion or the Court directs the

Receiver to accept the Response; and

8. Order that the form and method of providing notice of the Receiver's Claim determinations and the procedure for responding to the same, as set forth herein, are proper, sufficient, and constitute adequate notice to Claimants.

The Receiver requests that this Motion be granted, and he be permitted to rely on the proposed claims registry procedures and forms set forth herein to resolve the Claims.

## **BACKGROUND**

1. On November 13, 2018, the above-captioned case was commenced against the Receivership Defendants,[1] and in conjunction therewith, the Court entered an Order Appointing Receiver and Staying Litigation (the "Receivership Order").[2]

2. On August 8, 2019, this Court granted the Receiver's Motion Seeking Approval of the Proposed Claim Procedures, Claim Deadline, and Claim Forms (the "Claims Motion").[3] As contemplated in the Claims Motion, the Receiver established a claims process through which individuals and entities who believed they were owed money from any Receivership Defendant could make a claim for payment.[4] The Receiver established a claim submission deadline of October 4, 2019, for all claims. Through the claims process, the Receiver received over 618 claims (the "Claims") seeking recovery from the Receivership Estate.

3. The Receiver and his team have thoroughly reviewed the books and records of the Receivership Defendants in conjunction with the Claim Forms and evidence provided by Claimants. Working with the Receiver's forensic accountants, the Receiver and his team have reviewed each Claim, compared the Claim and supporting documents to the books and records of

---

[1] *See* Dkt. No. 1.
[2] Dkt. No. 54.
[3] Dkt. No. 239.
[4] *See generally* Dkt. 236.

the Receivership Defendants, and determined which Claims—or portions of Claims—should be allowed. The Receiver has created and is now prepared to publish a Claims Registry detailing his determination with respect to each Claim and providing an explanation for the Receiver's objections, if any.

4. The Receiver has made significant progress in liquidating Receivership Estate assets and recovering fraudulently distributed profits from investors. The Receiver now wishes to make a distribution to victims of the Receivership Defendants' scheme. In order to do so, the Receiver must first resolve disputes with respect to his treatment of submitted Claims.

5. After an initial review of all Claims, the Receiver and his team submitted to the Court a "Motion to Sustain Receiver's Objections to Certain Categories of Claims and to Approve Objection Procedure"[5] (the "Omnibus Objection Motion").  The Omnibus Objection Motion served to outline various categories of objections that the Receiver identified as an issue in multiple Claims. Such categories included, those Claims submitted after the Claims-Bar Date, Claims for promised profits or gains from the Silver Pool, Claims submitted for taxes, interest, and penalties incurred by Claimants related to certain investments into the Silver Pool, and Claims for third-party and intra-investor transfers. The Court sustained the Receiver's objections to these categories of claims in an Order[6] upon which the Receiver relied in his determinations with respect to individual Claims.

6. The Receiver anticipates that some potential disputes with respect to the Receiver's treatment of a particular Claim may be easily resolved through the submission of additional evidence or a corrected Claim Form that aligns the Claim with the Court's prior Orders.

---

[5] Dkt. No. 363.
[6] See, Dkt. No. 375, "Order Sustaining Receiver's Objections to Certain Categories of Claims."

7. To this end, the Receiver also wishes to establish a process through which a Claimant may submit a Response to the Receiver's Claim determination and provide any supplemental documentation. After the submission of a Response, the Receiver will determine if any dispute regarding the Receiver's determination has been resolved. If any Claims dispute remains unresolved, the Receiver will then contact the Claimant and attempt to resolve the dispute informally. If these informal resolution efforts fail, the Receiver will request a hearing before the Court to resolve any remaining disputes.[7]

## PROPOSED CLAIMS REGISTRY PROCEDURES

8. The Receiver proposes the following procedures:

### *Publication of a Master Claims Registry*

9. The Receiver will publish a master claims registry (the "Claims Registry") which will identify every Claim made against the Receivership Estate by Claimant name and claim number assigned by the Receiver to each Claim. The Registry will then state whether that Claim was accepted by the Receiver or objected to in whole or in part, along with an explanation of the Receiver's treatment of the Claim.

10. The Claims Registry will provide the following information:

   a. The "Claim Number" and the individual Claimant's name[8];

   b. The "Claimed Amount," which reflects the self-reported amount sought by the Claimant as reflected on the Claim Form submitted;

   c. The "Allowed Amount," which reflects the amount of the Claim the Receiver has determined to be valid and allowable based on the books and records of Receivership

---

[7] To the greatest extent possible, the Receiver will attempt to group Claims with similar factual or legal issues together to minimize the burden on the Court's time and attention.
[8] The name and address on the Claims Registry will match the name on the submitted Claim Form.

Defendants and the evidence submitted by the Claimant;

    d. The "Claim Class" which reflects the classification of each Claim for the purpose of determining a priority for distribution under the Court's previously approved distribution plan;[9]

    e. The "Percent Recovery" which reflects the percentage of the Claimant's original principal investment that the Claimant had already recovered prior to appointment of the Receiver,[10] for the purpose of determining distributions under the Court's previously approved rising tide theory; and

    f. An "Explanation of Receiver's Claim Determination," which will outline the specific basis for the Receiver's determination and include, when applicable, the Receiver's objections to each Claim as submitted. Attached hereto as Exhibits A and B are, respectively, the Claims Registry Form—which includes demonstrative examples of the types of claims determinations the Receiver will make—and the Claims Registry Instructions.

*Establishment of Bar Date and Notice of Bar Date*

  11. The Receiver proposes that any Claimant wishing to challenge the Receiver's determination with respect to a Claim must submit to the Receiver a completed Response Form and any additional evidence supporting its response (the "Response"). The Response must be received by the Receiver no later than 45 days after the Receiver's mailing and publication of the Claims Registry.

  12. The Receiver will provide notice of the Bar Date to Claimants in the form of the

---

[9] The six classifications and their descriptions can be found in Receiver's *Motion to Approve Proposed Distribution Plan, Objections Procedure, and Claim Analysis*. Dkt. 298. The Court approved these six classifications in its' *Order and Memorandum Decision Overruling Objections and Granting Receiver's Motion to Approve Distribution Plan*. Dkt. 341. Attached hereto as Exhibit F.
[10] Dkt. 341.

proposed "Bar Date Notice" attached hereto as <u>Exhibit C</u>.

<i><u>Summary of Objection Response Form</u></i>

13. *Submission of Response Form:* To contest the Receiver's Claim determination, the Claimant must submit to the Receiver a Response so that it is actually received by the Receiver no later than Midnight (M.T.) on the forty-fifth (45th) day after the Claims Registry Packet is sent by mail or email (the "<u>Response Bar Date</u>"). Claimants should locate their name and claim number on the Claims Registry and carefully review the Receiver's determination, including any objections. A Response must address each ground upon which the Receiver has objected to a particular Claim. The Claimant must then timely submit to the Receiver the Response Form, along with any additional documentation supporting the Response.

14. *Content of Response*: Each Response must, at a minimum, contain the following information:

    a.    A fully completed Response Form, signed and submitted under penalty of perjury;

    b.    All documentation and other evidence in support of the Response, not previously submitted to the Receiver throughout the claims process, upon which the Claimant will rely in support of the Response.

15. *Timely Response Required; Informal Resolution Process; and Hearings*: If a Response is received within 45 days of the Receiver sending the Claims Registry Packet and is properly submitted in accordance with the above procedures, the Receiver and his team will endeavor to reach a consensual resolution with the Claimant. If no consensual resolution is reached, the Receiver will request a hearing from the Court and submit, at least five (5) days prior to that hearing, the materials relied upon by the Receiver in objecting to the Claim and the

materials submitted by the Claimant with the Response. The Receiver will endeavor to group objections and Responses together that present similar factual or legal issues in order to preserve the Court's resources.

16. If a Claimant does not timely file a Response by the Response Bar Date, the Receiver's determination of the Claim as reflected in the Claims Registry will be deemed final and binding without any additional notice to the Claimant.

17. A Claimant must submit all additional evidence on which the Claimant intends to rely to support a Response and will not be permitted to submit additional evidence after the Response Bar Date.

*Service of Notice of Publication of the Claims Registry*

18. The claims registry packet (the "Claims Registry Packet") will include: the complete Claims Registry; the Claims Registry Instructions; the Response Bar Date Notice; the Response Form; the Omnibus Objection Motion[11] and the Court's Order[12] Sustaining the same; and the Motion to Approve the Proposed Distribution Plan[13] and the Court's Order approving the same.[14]

19. The Claims Registry Packet will be served on all Claimants who submitted a Claim as follows:

    a. By first class U.S. Mail, postage prepaid to the name and address on the Claimant's Claim Form;

    b. By email, if the Receiver has an email address for the Claimant; and

    c. By posting the Response Bar Date Notice and the Claim Registry on the

---

[11] Dkt. No. 363 attached hereto as Exhibit E.
[12] Dkt. No. 375 attached hereto as Exhibit E.
[13] Attached hereto as Exhibit F.
[14] Attached hereto as Exhibit F.

8

Receiver's website at http://rustrarecoinreciever.com.

19. The Receiver believes that the above service and publication on his website will provide adequate notice to all Claimants of the Receiver's Claim determinations and the relevant Response procedures.

20. If the Bar Date Notice sent by U.S. Mail or email is returned as "undeliverable" or similar designation without a forwarding address, the Receiver shall not have any further duty or obligation to contact such Claimants and requests that Publication Notice and posting on the Receiver's website be deemed adequate notice.

*Claimant Duties*

21. The Receiver requests that the Court order that, after the Claimants have reviewed the Claims Registry, the Claims Registry Instructions and the Receiver's Claim determinations, if they wish to challenge the Receiver's determination of their Claim, they must timely submit to the Receiver a completed Response, including any additional evidence they believe supports their position.

**RELIEF SOUGHT**

The Receiver submits that the timing and forms as proposed herein provide adequate notice to Claimants of the claims registry procedures and are appropriate under the circumstances. The Receiver also submits that the proposed procedures have been formulated to provide Claimants with fair recourse to understand and challenge the Receiver's Claim determinations while maintaining a cost-effective process that minimizes the Receiver's administrative expenses and use of the Court's time. Thus, the Receiver respectfully requests that the proposed forms and procedures be approved by the Court and that the Court enter an Order as follows:

    (i) approving the Claims Registry Form, attached hereto as <u>Exhibit A</u>, as the form in which the Receiver will approve or object to Claims;

    (ii) approving the Claims Registry Instructions, attached hereto as <u>Exhibit B</u>, that will be provided to Claimants to explain the claims objection and Response process;

    (iii) approving the Bar Date Notice, attached hereto as <u>Exhibit C</u>, as providing sufficient notice to Claimants of the Response Bar Date;

    (iv) determining that any objections or Responses filed by a Claimant after the expiration of the 45-day Response Bar Date will be deemed untimely, will have no impact on the Receiver's proposed treatment of the Claim, and will be disregarded by the Receiver unless the Court orders otherwise; and

    (v) approving the Response Form, attached hereto as <u>Exhibit D</u>, as the form that Claimants must complete and timely submit to the Receiver in order to oppose the Receiver's proposed treatment of such Claim.

  DATED this 25th day of April 2022.

              **PARR BROWN GEE & LOVELESS**

              <u>/s/ Cynthia D. Love</u>
              Joseph M.R. Covey
              Cynthia D. Love
              Claire M. McGuire

              *Attorneys for Receiver*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2022, a true and correct copy of the foregoing was (1) electronically filed with the Clerk of the Court through the CM/ECF system, which sent notice of the electronic filing to all counsel of record; (2) posted on the Receiver's website (rustrarecoinreceiver.com); and (3) emailed to all those on the master mailing matrix maintained by the Receiver.

/s/ *Cynthia D. Love*