Steven T. Waterman (4164)
**DORSEY & WHITNEY LLP**
111 South Main Street, 21st Floor
Salt Lake City, UT 84111-2176
Telephone: (801) 933-7365
Facsimile: (801) 933-7373
waterman.steven@dorsey.com

*Attorneys for Zions Bancorporation, N.A.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DIVISION OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and STATE OF UTAH DIVISION OF SECURITIES, through Attorney General Sean D. Reyes,<br>      Plaintiffs,<br>vs.<br><br>RUST RARE COIN, INC., a Utah corporation and GAYLEN DEAN RUST, an individual, DENISE GUNDERSON RUST, an individual, JOSHUA DANIEL RUST, an individual,<br>      Defendants.<br>and<br><br>ALEESHA RUST FRANKLIN, an individual, R LEGACY RACING, INC., a Utah corporation, R LEGACY ENTERTAINMENT, LLC, a Utah limited liability company, and R LEGACY INVESTMENTS, LLC, a Utah limited liability company,<br>      Relief Defendants. | **MOTION OF<br>ZIONS BANCORPORATION, N.A.<br>FOR TERMINATION OF<br>INTERVENTION WITH CONSENT**<br><br>Civil No. 2:18-CV-00892-TC<br>Judge Tena Campbell |

Zions Bancorporation, N.A. ("Zions Bank") moves this Court to terminate its prior limited intervention (the "Motion") in this case as the matter of limited intervention has been resolved.

## STATEMENT OF RELIEF SOUGHT

Zions Bank requests that its prior limited intervention in this case be terminated. The Receiver consents to the relief sought.

## RELEVANT FACTS

1. On November 27, 2018, the Court entered an order appointing Jonathan O. Hafen as receiver for the Receivership defendants ("Receivership Order"). *See* ECF No. 54.

2. On February 19, 2019, Zions Bank moved for limited intervention to resolve a dispute as to entitlement to funds. *See* ECF No. 112.

3. On March 12, 2019, this Court entered an order granting Zions Bank limited intervention for resolution of ownership of the funds. *See* ECF No. 140.

4. After moving and being granted limited intervention, Zions Bank filed its Interpleader Motion. *See* ECF No. 141.

5. Based upon litigation between the Receiver and Leland S. Jacobson, individually and as Trustee of the Leland S. Jacobson Trust, the Court resolved the issue. *See* ECF No. 320.

6. All matters for which Zions Bank was granted limited intervention have now been fully resolved.

7. The Plaintiffs and Receiver consent to the termination of the intervention of Zions Bank.

## ARGUMENT

The sole purpose for the limited intervention of Zions Bank was the resolution of ownership of the funds which has occurred. Therefore, the limited intervention of Zions Bank may now be terminated. The Plaintiffs and Receiver consent.

## CONCLUSION

Wherefore, Zions Bank requests that this Court terminate the limited intervention of Zions Bank effective as of the date hereof.

DATED this 23rd day of June, 2022.

                              **DORSEY & WHITNEY LLP**

                              */s/ Steven T. Waterman*
                              Steven T. Waterman
                              *Attorneys for Zions Bancorporation, N.A.*

Consent of counsel for:
Jonathan O. Hafen, Receiver
Parr Brown Gee & Loveless

/s/ Cynthia D. Love (per email 6/23/2022)
Cynthia D. Love

Commodity Futures Trading Commission,
Plaintiff

/s/ Monique McElwee (per email 6/23/2022)
Monique McElwee

State of Utah, Utah Division of Securities,
Plaintiff

/s/ Thomas M. Melton (per email 6/23/2022
Thomas M. Melton

## CERTIFICATE OF SERVICE BY ECF

I hereby certify that service of the above MOTION OF ZIONS BANCORPORATION, N.A. FOR TERMINATION OF INTERVENTION WITH CONSENT was effectuated by this Court's ECF system on this 23rd day of June, 2022.

/s/ *Karen Bingham*
Legal Assistant