IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>STATE OF UTAH DIVISION OF SECURITIES, through Attorney General Sean D. Reyes,<br><br>Plaintiffs,<br><br>v.<br><br>RUST RARE COIN INC., a Utah corporation, GAYLEN DEAN RUST, an individual, DENISE GUNDERSON RUST, an individual, JOSHUA DANIEL RUST, an individual,<br><br>Defendants;<br><br>and<br><br>ALEESHA RUST FRANKLIN, an individual, R LEGACY RACING INC, a Utah corporation, R LEGACY ENTERTAINMENT LLC, a Utah limited liability company, and R LEGACY INVESTMENTS LLC, a Utah limited liability company,<br><br>Relief Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PONZI DETERMINATION**<br><br>Case No. 2:18-cv-00892-TC-DBP<br><br>District Judge Tena Campbell<br>Chief Magistrate Judge Dustin B. Pead |

Before the court is a Motion for Ponzi Determination filed by Jonathan O. Hafen, the Court-Appointed Receiver for the assets of Rust Rare Coin, Inc. (RRC), Gaylen D. Rust, Denise G. Rust, and Joshua D. Rust, as well as R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, "Receivership Defendants"). (ECF No. 448.) The Receiver asks the court to find that the Receivership Defendants operated the RRC Silver Pool investment program as a Ponzi scheme from 2008 to 2018. He essentially wants to preclude clawback defendants from relitigating this issue in the two dozen or so pending ancillary cases and in an untold number of future ancillary cases.

To ensure a modicum of due process, the court approved an objection procedure whereby interested parties could submit written objections to the Receiver, conduct limited discovery, and be heard by the court. (ECF No. 451.) As part of the court-approved procedure, the Receiver received eight objections from seven groups of clawback defendants (totaling seventeen objecting parties). (ECF No. 458.) The objections were numerous and diverse, covering constitutional, procedural, evidentiary, and merits-based issues. All the objecting parties presented their objections at a hearing on July 13, 2022. (ECF No. 469.)

The court has already found that RRC was a Ponzi scheme in three ancillary cases,[1] so a conclusive finding here would not only be rational and straightforward, but also mindful of the dwindling Receivership Estate and the hundreds of Silver Pool victims. Yet the objecting parties still resist this result. Part of what seems to be driving their objections is the effect of a Ponzi finding on the Receiver's ancillary claims against them. If the court finds that RRC was a Ponzi scheme, the Receiver will take that finding and invoke what is known as the "Ponzi-scheme presumption." By merely establishing that RRC operated as a Ponzi scheme and that the transfers were made "in furtherance of the scheme," the Receiver can shift his burden of proof to the clawback defendants in those cases. See Finn v. All. Bank, 860 N.W.2d 638, 645 (Minn. 2015) (quoting Perkins v. Haines, 661 F.3d 623, 626 (11th Cir. 2011)). The Receiver has already been using this presumption in individual ancillary cases, but a Ponzi finding here would establish the Ponzi element for good—fundamentally altering the landscape in those cases.[2]

---

[1] See Hafen v. Famulary, No. 2:19-cv-00627-TC, 2021 WL 229356 (D. Utah Jan. 22, 2021); Hafen v. Brimley, No. 2:19-cv-00875-TC, 2021 WL 1424713 (D. Utah Apr. 15, 2021); Hafen v. Evans, No. 2:19-cv-00895-TC, 2021 WL 3501658 (D. Utah Aug. 9, 2021).

[2] The Ponzi-scheme presumption has a long history in Utah, having been first articulated in a case from this district. Merrill v. Abbott (In re Indep. Clearing House Co.), 77 B.R. 843 (D. Utah 1987) (en banc). But the Utah Supreme Court—the final arbiter of state law—has never endorsed the Ponzi-scheme presumption. Some of the objecting parties have asked the court to certify this issue (and others) to the Utah Supreme Court. E.g., Hafen v. Larsen, No. 2:21-cv-00743, ECF No. 20. The court will decide the certification issue in those ancillary cases.

The court has used the summary-disposition procedures to decide certain Receivership property disputes, which necessarily affect third-party rights. (See ECF No. 165.) Courts often use similar procedures to marshal and distribute receivership assets. See, e.g., United States v. RaPower-3, LLC, No. 2:15-cv-00828-DN, 2020 WL 5531563 (D. Utah Sept. 15, 2020); Wing v. Horne, No. 2:08-cv-00717-DB, 2009 WL 2929389 (D. Utah Sept. 8, 2009); Bermant v. Broadbent, No. 2:05-cv-00466-TC, 2006 WL 3692661 (D. Utah Dec. 12, 2006). But the court has never tried to use these procedures to decide substantive issues currently pending in other cases.

Finding that RRC was a Ponzi scheme may not be complicated, but what comes next is uncharted territory. At the July 13 hearing, the Receiver claimed that in the bankruptcy context, it is common for Ponzi findings to be binding in ancillary cases. Setting aside that this is not a bankruptcy case, the Receiver cited no authority for this proposition.[3] In a procedurally similar receivership case, Judge Jenkins, the author of the original Ponzi-scheme-presumption case, refused to make a blanket Ponzi finding. S.E.C. v. Mgmt. Sols., Inc., No. 2:11-cv-01165-BSJ, 2013 WL 4501088, at *20–22 (D. Utah Aug. 22, 2013). Appealing to the common refrain that equity receiverships are flexible and discretionary does not save the Receiver's case. True, the court has "broad powers" and "wide discretion" to fashion relief in this equity receivership. S.E.C. v. Vescor Cap. Corp., 599 F.3d 1189, 1194 (10th Cir. 2010). But even the court's inherent powers are constrained by the Constitution, the Federal Rules of Civil Procedure, and binding caselaw.

The court senses at least three problems with making a blanket Ponzi finding here. First, it would violate issue-preclusion principles. Issue preclusion, or collateral estoppel, can only bind parties "to the prior adjudication." Hetronic Int'l, Inc. v. Hetronic Ger. GmbH, 10 F.4th 1016 (10th

---

[3] The Receiver cites a string of cases, including Johnson v. Neilson (In re Slatkin), 525 F.3d 805, 814 (9th Cir. 2008), where a guilty plea or criminal conviction conclusively established the existence of a Ponzi scheme. (Mot. at 12–13, ECF No. 448.) These cases were all ancillary fraudulent-transfer proceedings brought by a receiver or trustee, not the main enforcement actions themselves.

3

Cir. 2021), petition for cert. filed, (U.S. Jan. 21, 2022) (No. 21-1043). The Receiver wants to use a ruling in this case to bind clawback defendants, none of whom are parties here. Second, a blanket Ponzi finding would circumvent the normal procedural rules and guarantees in civil cases,[4] like the Seventh Amendment right to a jury trial. Pretrial motion practice often obviates the need for juries to decide certain facts, but the Receiver is not moving for summary judgment. Finally, if the court made a blanket Ponzi finding here, the objecting parties would have no further recourse, as nonparties cannot appeal an adverse judgment. See Hutchinson v. Pfeil, 211 F.3d 515, 518 (10th Cir. 2000).

## CONCLUSION

The Receiver is probably right on the merits of the Ponzi issue, as the court has thrice found. But after considering the objections, the court concludes that it cannot use the summary-disposition procedures to make a blanket Ponzi finding. Painful as it may be, the Receiver must resolve ancillary cases by individual adjudications or by settling claims with clawback defendants. Because that is the only way forward, the court DENIES the motion for Ponzi determination. (ECF No. 448.)

DATED this 21st day of July, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[4] The Receiver dismissed the idea of Rule 42 consolidation as impractical, which is probably true here. But consolidation is the established procedure for deciding common legal or factual issues among cases—and perhaps the only mechanism by which the Receiver could proceed.