Joseph M.R. Covey (7492) (jcovey@parrbrown.com)
Jeffery A. Balls (12437) (jballs@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111-3105
Telephone: (801) 532-7840

*Attorneys for Court-Appointed Receiver Jonathan O. Hafen*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>STATE OF UTAH DIVISION OF SECURITIES, through Attorney General Sean D. Reyes,<br><br>        Plaintiffs,<br><br>  v.<br><br>RUST RARE COIN INC., a Utah corporation, GAYLEN DEAN RUST, an individual, DENISE GUNDERSON RUST, an individual, and JOSHUA DANIEL RUST, an individual,<br><br>        Defendants,<br><br>  and<br><br>ALEESHA RUST FRANKLIN, an individual, R LEGACY RACING INC, a Utah corporation, R LEGACY ENTERTAINMENT LLC, a Utah limited liability company, and R LEGACY INVESTMENTS LLC, a Utah limited liability company,<br><br>        Relief Defendants. | MOTION TO APPROVE RECEIVER'S SETTLEMENT AGREEMENT WITH BARY G. JONES, JONESCO ENTERPRISES, LLC, GLJ LEGACY TRUST, HATSUE S JONES MARITAL TRUST, AND CENTRAL BANK, CUSTODIAN FOR THE BENEFIT OF BARY JONES IRA 20825<br><br><br>Case No. 2:18-cv-892<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

Jonathan O. Hafen, the Court-appointed Receiver (the "Receiver") for the assets of Rust Rare Coin Inc., Gaylen Dean Rust, Denise Gunderson Rust, Joshua Daniel Rust, Aleesha Rust Franklin, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, the "Receivership Defendants"), respectfully requests the Court's approval of his settlement agreement with Bary G. Jones ("Mr. Jones"), Jonesco Enterprises, LLC, GLJ Legacy Trust, and Hatsue S Jones Marital Trust (collectively, with all affiliated parties, the "Jones Parties") and Central Bank, Custodian for the benefit of Bary Jones IRA 20825 ("IRA"), as described below.

I. Background Information.

On November 27, 2018, the Court entered an Order Appointing Receiver and Staying Litigation (the "Order"). *See* ECF No. 54. Pursuant to paragraphs 18 and 19 of the Order, the Receiver was authorized to take immediate possession of all non-exempt personal property and real property of the Receivership Defendants, other than the personal residence and associated real property of the Rusts. *See id.*, ¶ 18. Paragraph 41 of the Order authorized the Receiver to compromise receivership claims that, in his discretion, are advisable or proper to recover Receivership Property. *See id.*, ¶ 41.

The Jones Parties and the IRA assert they made various loans to one or more of the Receivership Defendants, which were secured by real or personal property (collectively, the "Secured Loans"). The Jones Parties also invested in one or more of the Receivership Defendants and had various items on consignment with the Receivership Defendants. The Jones Parties and the IRA filed a total of five claims with the Receiver. On various occasions during the Receivership Case, the Jones Parties and the IRA consented to the sale or transfer of property

allegedly encumbered by one or more of the Secured Loans. In each such instance, the Receiver agreed to give the Jones Parties and/or the IRA a lien in the sale proceeds in the same amount and priority that allegedly existed in the underlying property (the "Preserved Liens") while the parties worked out a resolution.

Pursuant to the authority granted by the Order, the Receiver negotiated a resolution of his claims against the Jones Parties and the IRA and the Jones Parties' and IRA's claims against the Receivership Estate. By this Motion, and consistent with the Order, the Receiver respectfully requests the Court's approval of his settlement agreement with the Jones Parties and the IRA, which approval is a necessary predicate to the effectiveness of his settlement agreement with the Jones Parties and the IRA.

II.  Proposed Settlement Agreement.

The Receiver, the Jones Parties, and the IRA entered into a settlement agreement (the "Settlement Agreement"), subject to court approval. A copy of the Settlement Agreement is attached hereto as Exhibit A. Pursuant to the Settlement Agreement, the Receiver will return to Mr. Jones all alleged consigned items from the Jones Parties in the Receiver's possession, except for eight items that were not included in the March 29 and 30, 2017 schedule of consignment items. The Receiver will retain those eight items and liquidate them for the benefit of the Receivership Estate. The Receiver will also pay to the IRA $240,160.00 in full satisfaction of all Secured Loans, including but not limited to all Preserved Liens and Claims that assert or relate to Secured Loans. Finally, the parties agree that all claims submitted by the Jones Parties and the IRA will be resolved as follows on the Receiver's claims registry in the Receivership Case:

| Claim Number | Claimant Name | Claimed Amount | Allowed Claim | Percent Recovery | Claim Class |
|---|---|---|---|---|---|
| CL0340 | Hatsue S Jones Marital Trust | $0.00 | $0.00 | 100.00% | 4 |
| CL0341 | Central Bank, Custodian for the benefit of Bary Jones IRA 20825 | $240,160.00 | $0.00 | 100.00% | 3 |
| CL0343 | GLJ Legacy Trust (Bary G. Jones as trustee), Bary G. Jones (and his four children Scott Jones, Eric Michael Jones, Jeffrey David Jones, and Marc Christopher Jones), according to their interests described in the attached narrative | $0.00 | $0.00 | 100.00% | 4 |
| CL0344 | Jonesco Enterprises, LLC | $0.00 | $0.00 | 100.00% | 4 |
| CL0345 | Bary G. Jones | $270,416.00 | $270,416.00 | 0.00% | 4 |
| CL0345A | Bary G. Jones | $352,091.00 | $352,091.00 | 66.07% | 4 |

For purposes of the Zions Class Action[1], the Parties stipulate the only claim of the Jones Parties that will be allowed is as follows:

| Claim Number | Claimant Name | Claimed Amount | Allowed Claim |
|---|---|---|---|
| CL0345A | Bary G. Jones | $83,491.00 | $83,491.00 |

The Receiver believes the Settlement Agreement is in the best interest of the Receivership Estate. The Settlement Agreement resolves claims against the Receivership Estate in a fair manner based on the evidence provided to the Receiver. Accordingly, the Receiver

---

[1] The Zions Class Action is the lawsuit styled *Gregory et. al, v. Zions Bancorporation, N.A.*, Case No. 2:19-CV-15-HCN-DBP, filed in the U.S. District Court for the District of Utah.

respectfully requests that the Court approve his Settlement Agreement with the Jones Parties and the IRA.  A proposed Order is attached hereto as <u>Exhibit B</u>.

DATED this 11th day of December, 2023.

PARR BROWN GEE & LOVELESS, P.C.

*/s/ Jeffery A. Balls*
Joseph M.R. Covey
Jeffery A. Balls
*Attorneys for Receiver*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing MOTION TO APPROVE RECEIVER'S SETTLEMENT AGREEMENT WITH BARY G. JONES, JONESCO ENTERPRISES, LLC, GLJ LEGACY TRUST, HATSUE S JONES MARITAL TRUST, AND CENTRAL BANK, CUSTODIAN FOR THE BENEFIT OF BARY JONES IRA 20825 was (1) electronically filed with the Clerk of the Court through the CM/ECF system on December 11, 2023, which sent notice of the electronic filing to all counsel of record and (2) posted on the Receiver's website (rustrarecoinreceiver.com).

/s/ *Wendy V. Tuckett*