Joseph M.R. Covey (7492) (jcovey@parrbrown.com)
Jeffery A. Balls (12437) (jballs@parrbrown.com)
Walter O. Peterson (17300) (wpeterson@parrbrown.com)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Receiver Jonathan O. Hafen*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>STATE OF UTAH DIVISION OF SECURITIES, through Attorney General Sean D. Reyes,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RUST RARE COIN INC., a Utah corporation, and GAYLEN DEAN RUST, an individual, DENISE GUNDERSON RUST, an individual, JOSHUA DANIEL RUST, an individual,<br><br>    Defendants;<br><br>    and<br><br>ALEESHA RUST FRANKLIN, an individual, R LEGACY RACING INC, a Utah corporation, R LEGACY ENTERTAINMENT LLC, a Utah limited liability company, and R LEGACY INVESTMENTS LLC, a Utah limited liability company.<br><br>    Relief Defendants. | **TWENTY-FOURTH INTERIM FEE APPLICATION**<br><br><br>Civil No. 2:18-cv-00892-TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Dustin Pead |

Jonathan O. Hafen, the Court-Appointed Receiver over the assets of the following Defendants and Relief Defendants: Rust Rare Coin Inc. ("RRC"), Gaylen Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, R Legacy Investments LLC, Gaylen Dean Rust, Denise Gunderson Rust, Joshua Daniel Rust, and Aleesha Rust Franklin (collectively, "Receivership Defendants"), hereby submits this twenty-fourth interim fee application (this "Fee Application"), seeking approval by the Court for the fees and expenses incurred by the Receiver; the Receiver's counsel, Parr Brown Gee & Loveless ("Parr Brown") and Sacks Tierney P.A. ("Arizona Counsel"); and the Receiver's accountants, Berkeley Research Group ("BRG"), for the period of July 1, 2024, through September 30, 2024 (the "Application Period"). The Receiver seeks authorization to pay all allowed fees and expenses from the Receivership Estate once the Receiver has recovered an amount equal to three times the fees requested in this Fee Application and allowed in prior applications. In support hereof, the Receiver states as follows:

## I. RELEVANT BACKGROUND

1. On November 27, 2018, the Court entered an *Order Appointing Receiver and Staying Litigation* (the "Appointment Order"). *See* Dkt. No. 54. Accordingly, the Receiver has worked in concert with his counsel, Parr Brown, and his accountants, BRG, to identify, secure, and liquidate various Receivership assets, identify claimants and creditors of the Receivership Estate, and identify and initiate discussions with net winners to recover funds for the benefit of all Receivership claimants.

2. The Receiver has filed his *Twenty-Fourth Quarterly Status Report*, which includes a status report for the period of July 1, 2024, through September 30, 2024 (the "Quarterly Status

Report").[1] The Quarterly Status Report provides a comprehensive description of the services performed by the Receiver and his professionals during the Application Period and is incorporated herein by reference.

## II. REQUEST FOR COURT APPROVAL OF FEES AND EXPENSES

3. The Appointment Order provides, in the relevant part:

> 57. Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.
>
> 58. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. The Receiver and Retained Personnel shall not be compensated or reimbursed by, or otherwise entitled to, any funds from the Court, the CFTC, or the State of Utah. Such compensation shall require the prior review by Plaintiffs and approval of the Court.

4. Accordingly, the Receiver respectfully requests that the Court approve the fees and expenses incurred by the Receiver and his team, and BRG, as set forth below and in the attached Exhibits.

## III. FEES AND EXPENSES REQUESTED ARE ACTUAL, NECESSARY AND REASONABLE FOR THE SERVICES RENDERED

5. During this Application Period, the Receiver and his professionals have provided actual and necessary services for the Receivership Estate as summarized below and detailed in the Exhibits attached hereto. The Exhibits also detail the out-of-pocket expenses incurred by the professionals in rendering services to the Receivership Estate.

---

[1] Docket No. 556 filed October 31, 2024.

6. Parr Brown, Arizona Counsel and BRG have submitted their invoices to the Receiver, and the Receiver has reviewed and approved the invoices.

7. This Fee Application complies with the billing instructions set forth in the Appointment Order. The Receiver submitted this Fee Application to the Utah Division of Securities and CFTC prior to filing it with the Court, and both have informed the Receiver that they have no objection to the payment of the fees and reimbursement of the expenses outlined herein.

8. The Receiver believes that the fees and expenses are reasonable. The Receiver also believes that the services rendered and the expenses advanced have been beneficial to the Receivership Estate.

9. Consistent with the Receiver's previous fee applications, the Receiver and his professionals have continued to write off time and delay payment to assure that the Receivership Estate will receive an amount at least three times in excess of any fees requested *before* the Receiver and his professionals are paid. In this Fee Application, the Receiver has voluntarily written off all time related to the preparation of any fee application and has otherwise made voluntary downward adjustments to fees and expenses as appropriate.

**IV.  SUMMARY OF AMOUNTS REQUESTED**

10. The total amounts requested for the Receiver, his professionals, BRG and Arizona Counsel in this Fee Application, including the relevant voluntary write downs, are summarized below:

   a. <u>Receiver</u>: From July 1, 2024, through September 30, 2024, the Receiver billed a total of 57.6 hours for services to the Receivership Estate. The Receiver is seeking

approval for the payment of fees and expenses totaling $27,648.00. See **Exhibit A**.

   b. <u>Parr Brown</u>: From July 1, 2024, through September 30, 2024, Parr Brown billed a total of 590.9 hours for legal services to the Receivership Estate. Parr Brown is seeking approval for the payment of fees and expenses totaling $225,954.47. See **Exhibit B**. These amounts include a voluntary write down of $12,445.00.

   c. <u>BRG</u>: From July 1, 2024, through September 30, 2024, BRG billed a total of 241.4 hours providing forensic, tax, and general accounting services to the Receivership Estate. BRG is seeking approval for the payment of fees and expenses totaling $88,069.50. See **Exhibit C**. These amounts include a voluntary write down of $2,362.50.

   d. <u>Arizona Counsel</u>: From July 1, 2024, through September 30, 2024, Arizona Counsel billed a total of 70.4 hours for legal services to the Receivership Estate. Arizona Counsel is seeking approval for the payment of fees and expenses totaling $27,789.00. See **Exhibit D**.

11. The amounts requested reflect a total of $14,805.50 in voluntary reductions by the respective professionals in an exercise of their billing judgment.

12. The Receivership Estate has sufficient funds to pay all amounts requested. However, as set forth above, the Receiver and his professionals will not take any fees or be reimbursed for any expenses from the Receivership Estate until *after* the Receiver recovers at least three times the total amount of the fees requested in this and all previous fee applications.

**V.** **SUMMARY OF EXHIBITS**

13. Professional services have been recorded contemporaneously with services being rendered and these services, as well as the expenses incurred, are detailed in the attached Exhibits

described below.

14. The Receiver, Parr Brown, Arizona Counsel and BRG have maintained their time in records organized according to tasks, with each task record being maintained in chronological order.

15. The following Exhibits are attached hereto in support of this Fee Application:

**Exhibit A—Time Records of Receiver**

**Exhibit A    Summary by Task**

16. This section of Exhibit A breaks down the total fees assessed for each of the Receiver's tasks, which are discussed in more detail below.

**Exhibit A-1    Administration of Receivership Estate**

17. The Receiver continued to communicate with the Utah Attorney General's Office to ensure they remain updated about the status of the Receivership Estate and the ongoing claims analysis process and recovery efforts. In addition, the Receiver reviewed certain tax and financial documents related to the administration of the Receivership Estate and assisted in the preparation and filing of the Estate's tax returns.

**Exhibit A-2    Asset Analysis and Recovery**

18. The Receiver worked closely with his legal counsel during the Application Period in negotiating favorable settlement agreements with net winners. These settlement efforts involved extensive coordination with the Receiver's counsel and required the Receiver to review the supporting documentation and settlement agreements before their execution. The Receiver also worked with his legal counsel in several litigation matters with Claw Back Defendants. The Receiver continued coordinating with investors and their counsel to substantiate various metal

transactions that were associated with such investors.

### Exhibit B-Time Records of Parr Brown

**Exhibit B     Summary by Task**

19. This section of Exhibit B breaks down the total fees assessed for each of Parr Brown's tasks, which are discussed in more detail below.

**Exhibit B-1     Administration of Receivership Estate**

20. During this Application Period, Parr Brown continued to manage and keep secure the property within the Receivership Estate. Parr Brown continued posting motions and Court orders on the Receiver's website and also providing updates to the Receiver's mailing matrix to ensure all interested parties received information about the Receivership's progress.

**Exhibit B-2     Asset Analysis & Recovery**

21. During the Application Period, Parr Brown continued to work the numerous claw back actions filed against scores of investors (the "Claw Back Defendants"). Parr Brown also continued working with the many potential net winners (the "Net Winners") with whom they executed tolling agreements in order to facilitate further discussions and negotiations regarding their transactions with the Receivership Defendants. As a result of the Court granting the Receiver's Motion for Settlement Authority (*See* Dkt. No. 271), and the Receiver's ongoing settlement efforts, the Receiver recovered approximately $5,900,000 in claw back negotiations during this last quarter. Parr Brown has worked closely with the Receiver to finalize agreements and negotiate with investors and creditors to increase the number of settlement agreements.

**Exhibit B-3     Disposition of Assets**

22. Parr Brown continues to work on the sale of certain intellectual property assets. The

Receivership Estate owns the rights to hundreds of low-value songs and albums. Parr Brown has received offers to purchase such songs or albums ranging from a few hundred dollars to a few thousand dollars. In order to efficiently liquidate these, Parr Brown filed a motion with the Court seeking permission to sell music rights, without having to incur the expense of filing a motion and obtaining Court approval, if the sale is for less than $7,500. The Court granted the motion, which has allowed the Receiver to sell lower value music rights "as is" while minimizing administrative expenses to the Receivership Estate.

### Exhibit B-5    Claims Administration

24. Parr Brown previously submitted to the Court the Claims Registry packet, which identifies all claims and includes the Claimants' self-reported amount claimed, the allowed amount of the claim as determined by the Receiver, and—if applicable—an explanation of the Receiver's determination and objection to all or part of the claim. Only three unresolved claims remain which are either involved in claw back litigation or are stayed by the Court. Parr Brown continues to diligently resolve each unresolved claim while minimizing expenses to the Receivership Estate.

### Exhibit C-Time Records of BRG

25. This section breaks down the total fees assessed by BRG, which are discussed in more detail below.

#### Net Winner / Claims Analysis

26. BRG continued to assist the Receiver in providing analysis for investors to be used in discussions, negotiations, and potential settlement recoveries in outstanding clawback actions that have been brought by the Receiver.

#### Claims Process & Distribution

27. BRG has continued to monitor and update the distribution model with payment data and review the status of the distributions made to date by the Receiver.

### Recovery Litigation

28. BRG has continued to be involved in assisting the Receiver in various clawback matters. BRG has analyzed and prepared support, declarations, expert reports and exhibits in connection with various litigation matters in which the Receiver is involved.

29. BRG has continued to work with the Receiver and his counsel to analyze and review various litigation issues, including preparation of summary judgment motions, default judgements, proposed settlement offers and financial information from investors to determine the appropriateness and accuracy of such offers, as well as claims concerning the ability to pay amounts sought by the Receiver.

### Tax Compliance and Analysis

30. BRG reviewed and researched tax issues in conjunction with litigation settlements and met with and provided information to the Receiver regarding these issues.

31. BRG reviewed, prepared, and submitted the required filings for the federal payroll tax returns for Q2 2024 in connection with the distributions made related to the wage claims of former employees of Rust Rare Coin. BRG also contacted and followed up with the Utah Department of Workforce Services and local taxing authorities regarding filing requirements.

### **Exhibit D-Time Records of Arizona Counsel**

32. As a result of the Receiver's and his team's clawback efforts, the Receiver previously secured a judgment in favor of the Receivership Estate against net winners who own real property in the State of Arizona. The Receiver engaged Arizona Counsel to advise the

Receiver and take the steps necessary under Arizona law to foreclose on the real property. Arizona Counsel previously initiated foreclosure proceedings which were stifled due to the filing of a bankruptcy by the net winners. Arizona Counsel is currently working with the Receiver and his team to have the bankruptcy dismissed so that the foreclosure proceedings can move forward.

## VI. PRIOR REQUESTS AND INTERIM NATURE OF REQUEST

33. The Receiver has previously filed twenty-two interim fee applications,[2] all of which were approved by the Court. *See* Dkt. Nos. 153, 203, 247, 275, 293, 339, 368, 383, 414, 418, 429, 435, 443, 463, 482, 490, 495, 509, 517, 530, 534, 544 and 554. This is the Twenty-Fourth Interim Fee Application of the Receiver and his professionals. The Receiver and his professionals understand that the authorization and payment of fees and expenses is interim in nature. All fees and expenses allowed on an interim basis will be subject to final review at the close of the case and the discharge of the Receiver when the Receiver files a final accounting and the Receiver and his professional's file final fee applications.

---

[2] The Receiver's First Interim Fee Application was filed on February 22, 2019. *See* Dkt. No. 120. The Receiver's Second Interim Fee Application was filed on May 24, 2019. *See* Dkt. No. 187. The Receiver's Third Interim Fee Application was filed on September 4, 2019. *See* Dkt. No. 241. The Receiver's Fourth Interim Fee Application was filed on December 31, 2019. *See* Dkt. No. 274. The Receiver's Fifth Interim Fee Application was filed on March 10, 2020. *See* Dkt. No. 292. The Receiver's Sixth Interim Fee Application was filed on August 7, 2020. *See* Dkt. No. 333. The Receiver's Seventh Interim Fee Application was filed on November 13, 2020. *See* Dkt. No. 367. The Receiver's Eighth Interim Fee Application was filed on January 15, 2021. *See* Dkt. No. 382. The Receiver's Ninth Interim Fee Application was filed on May 27, 2021. *See* Dkt. No. 413. The Receiver's Tenth Interim Fee Application was filed on July 6, 2021. *See* Dkt. No. 416. The Receiver's Eleventh Interim Fee Application was filed on October 5, 2021. *See* Dkt. No. 428. The Receiver's Twelfth Interim Fee Application was filed on December 13, 2021. *See* Dkt. No. 434. The Receiver's Thirteenth Interim Fee Application was filed on February 22, 2022. *See* Dkt. No. 442. The Receiver's Fourteenth Interim Fee Application was filed on June 14, 2022. *See* Dkt. No. 461. The Receiver's Fifteenth Interim Fee Application was filed on September 12, 2022. *See* Dkt. No. 481. The Receiver's Sixteenth Interim Fee Application was filed on December 14, 2022. *See* Dkt. No. 488. The Receiver's Seventeenth Interim Fee Application was filed on March 14, 2023. *See* Dkt. No. 494. The Receiver's Eighteenth Interim Fee Application was filed on June 12, 2023. *See* Dkt. No. 508. The Receiver's Nineteenth Interim Fee Application was filed on September 20, 2023. *See* Dkt. No. 516. The Receiver's Twentieth Interim Fee Application was filed on December 13, 2023. *See* Dkt. No. 528. The Receiver's Twenty-First Interim Fee Application was filed on March 13, 2024. *See* Dkt. No. 533. The Receiver's Twenty-Second Interim Fee Application was filed on March 13, 2024. *See* Dkt. No. 543. The Receiver's Twenty-Third Interim Fee Application was filed on September 11, 2024. *See* Dkt. No. 553.

41. For the reasons set forth above, and as supported by the Exhibits attached hereto, the Receiver respectfully submits that the fees and expenses requested herein are for actual services that were necessary for and beneficial to the administration of the Receivership Estate. The Receiver has made every attempt to limit the administrative expenses of the Receivership Estate, and the Receiver submits that given the work that has been performed as reflected in the attached time entries, the fees and expenses that have been incurred are reasonable.

42. Pursuant to Paragraph 62 of the Appointment Order, *see* Dkt. No. 54, the Receiver represents and avers that this Fee Application complies with the terms of the billing instructions agreed to by the Receiver, the fees and expenses included therein were incurred in the best interests of the Receivership Estate, and the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

43. The Receiver respectfully requests that the Court enter an Order (i) approving, on an interim basis, the Receiver's fees and expenses in the amount of $27,648.00; Parr Brown's fees and expenses in the amount of $225,954.47; BRG's fees and expenses in the amount of $88,069.50; Arizona Counsel's fees and expenses in the amount of $27,789.00, and (ii) authorizing the Receiver to pay these fees and reimburse the expenses from the Receivership Estate once the Receiver has recovered for the Estate at least three times the amount of fees requested in this Fee Application and prior applications.

44. A proposed Order is attached hereto as **Exhibit E**.

The Receiver, Parr Brown, Arizona Counsel and BRG verify under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of December 2024.

               **RECEIVER**

               By: */s/ Jonathan O. Hafen*
               Jonathan O. Hafen, Receiver

               **PARR BROWN GEE & LOVELESS, P.C.**

               By: */s/ Joseph M.R. Covey*
               Joseph M.R. Covey
               Jeffery A. Balls
               Walter O. Peterson
               *Attorneys for Receiver Jonathan O. Hafen*

               **BERKELEY RESEARCH GROUP**

               By: */s/ Ray Strong*
               Ray Strong

               **SACKS TIERNEY P.A.**

               By: */s/ Michael Harris*
                Michael Harris
               **Electronically signed with permission*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the above **TWENTY-FOURTH INTERIM FEE APPLICATION** was (1) electronically filed with the Clerk of the Court through the CM/ECF system on December 16, 2024, which sent notice of the electronic filing to all counsel of record, (2) posted on the Receiver's website (rustrarecoinreceiver.com), and (3) emailed to all those on the Receiver's master mailing matrix.

| | |
|---|---|
| Kristen R. Angelos<br>UTAH FEDERAL DEFENDER OFFICE<br>46 W BROADWAY STE 110<br>SALT LAKE CITY, UT 84101<br>(801)524-4010<br>kris_angelos@fd.org | Walter F. Bugden<br>BUGDEN & ISAACSON LLC<br>445 E 200 S STE 150<br>SALT LAKE CITY, UT 84111<br>(801)467-1700<br>wally@bilaw.net |
| Jennifer Juniper Chapin<br>COMMODITY FUTURES TRADING COMMISSION<br>4900 MAIN ST STE 500<br>KANSAS CITY, MO 64112<br>(816)960-7746<br>jchapin@cftc.gov | Tara L. Isaacson LLC<br>BUGDEN & ISAACSON LLC<br>445 E 200 S STE 150<br>SALT LAKE CITY, UT 84111<br>(801)467-1700<br>tara@bilaw.net |
| Andrew G. Deiss<br>DEISS LAW PC<br>10 W 100 S STE 425<br>SALT LAKE CITY, UT 84101<br>(801)433-0226<br>adeiss@deisslaw.com | Sean N. Egan<br>SOUTH TEMPLE TOWER STE 1505<br>136 E SOUTH TEMPLE<br>SALT LAKE CITY, UT 84111-1139<br>(801)363-5181<br>(801)363-5184 (fax)<br>seannegan@sneganlaw.com |
| Wayne Klein<br>KLEIN & ASSOCIATES<br>PO BOX 1836<br>SALT LAKE CITY, UT 84110<br>801-824-9616<br>wklein@kleinutah.com | Kristen R. Angelos<br>FEDERAL PUBLIC DEFENDER<br>DISTRICT OF UTAH<br>46 W ROADWAY STE 110<br>SALT LAKE CITY, UT 84101<br>(801) 524- |
| Paula Woodland Faerber<br>UTAH ATTORNEY GENERALS OFFICE<br>160 E 300 S 5TH FLOOR<br>SALT LAKE CITY, UT 84114<br>(801)366-0248 | Jacob L. Fonnesbeck<br>SMITH WASHBURN LLP<br>8 E BROADWAY STE 320<br>SALT LAKE CITY, UT 84111<br>(801)584-1800 |

| | |
|---|---|
| pfaerber@agutah.gov | jfonnesbeck@smithwashburn.com |
| Robert K. Hunt<br>UTAH FEDERAL DEFENDER OFFICE<br>46 W BROADWAY SUITE 110<br>SALT LAKE CITY, UTAH 84101<br>(801)524-4010<br>robert_hunt@fd.org | Jennifer R. Korb<br>UTAH ATTORNEY GENERAL'S OFFICE<br>160 E 300 S 5TH FL<br>SALT LAKE CITY, UT 84114<br>(801)366-0310<br>jkorb@agutah.gov |
| Monique McElwee<br>COMMODITY FUTURES TRADING COMMISSION<br>4900 MAIN ST STE 500<br>KANSAS CITY, MO 64112<br>(816)960-7760<br>mmcelwee@cftc.gov | Corey Drew Riley<br>DEISS LAW PC<br>10 W 100 S STE 425<br>SALT LAKE CITY, UT 84101<br>(801)433-0226<br>criley@deisslaw.com |
| John Robinson, Jr.<br>DEISS LAW PC<br>10 W 100 S STE 425<br>SALT LAKE CITY, UT 84101<br>(801)433-0226<br>jrobinson@deisslaw.com | Thomas L. Simek<br>COMMODITY FUTURES TRADING COMMISSION<br>4900 MAIN ST STE 500<br>KANSAS CITY, MO 64112<br>(816)960-7760<br>tsimek@cftc.gov |
| Jessica Stengel<br>FEDERAL PUBLIC DEFENDER DISTRICT OF UTAH<br>46 W BROADWAY STE 110<br>SALT LAKE CITY, UT 84101<br>(801)524-4010<br>jessica_stengel@fd.org | Megan K. Baker<br>DORSEY & WHITNEY LLP<br>111 S MAIN ST 21ST FL<br>SALT LAKE CITY, UT 84111-2176<br>(801)933-7360<br>baker.megan@dorsey.com |
| D. Loren Washburn<br>SMITH WASHBURN LLP<br>8 E BROADWAY STE 320<br>SALT LAKE CITY, UT 84111<br>(801)584-1800<br>lwashburn@smithwashburn.com | Steven T. Waterman<br>DORSEY & WHITNEY LLP<br>111 S MAIN ST 21ST FL<br>SALT LAKE CITY, UT 84111-2176<br>(801)933-7360<br>waterman.steven@dorsey.com |
| David C. Castleberry<br>OGLETREE DEAKINS NASH SMOAK & STEWART PC<br>2050 S 1300 E STE 500<br>SALT LAKE CITY, UT 84106<br>(801)658-6100<br>david.castleberry@ogletreedeakins.com | |

    /s/ Lori Stumpf