Joseph M.R. Covey (7492) *jcovey@parrbrown.com*
Jeffery A. Balls (12437) *jballs@parrbrown.com*
Walter O. Peterson (17300) *wpeterson@parrbrown.com*
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile:  (801) 532-7750

*Attorneys for Jonathan O. Hafen as Receiver*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, and<br><br>STATE OF UTAH DIVISION OF SECURITIES, through Attorney General Sean D. Reyes<br><br>        Plaintiffs,<br><br>  vs.<br><br>RUST RARE COIN INC., a Utah corporation, and GAYLEN DEAN RUST, an individual, DENISE GUNDERSON RUST, an individual, JOSHUA DANIEL RUST, an individual,<br><br>        Defendants;<br><br>and<br><br>ALEESHA RUST FRANKLIN, an individual, R LEGACY RACING INC., a Utah corporation, R LEGACY ENTERTAINMENT LLC, a Utah limited liability company, and R LEGACY INVESTMENTS LLC, a Utah limited liability company.<br><br>        Relief Defendants. | **RECEIVER'S TWENTY-FIFTH QUARTERLY STATUS REPORT**<br><br>***For the period October 1, 2024 to December 31, 2024***<br><br>Civil No. 2:18-cv-00892-TC<br><br>Honorable Tena Campbell<br><br>Magistrate Judge Dustin Pead |

Jonathan O. Hafen, the Court-Appointed Receiver for the assets of Rust Rare Coin Inc., Gaylen Dean Rust, Denise Gunderson Rust, Joshua Rust, Aleesha Rust Franklin, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, "Receivership Defendants"), hereby submits this Twenty-Fifth Quarterly Status Report for the period of October 1, 2024 through December 31, 2024, pursuant to Section XIII, paragraph 53 of this Court's Order Appointing Receiver and Staying Litigation, dated November 27, 2018 (the "Appointment Order"). *See* Dkt. No. 54.

As instructed by the Court, this Report addresses:

I. A summary of the operations of the Receiver, including significant developments during the quarter.

II. A summary of the current financial condition of the Receivership.

III. A summary of the receipts and disbursements of the Receivership.

IV. A description of known Receivership property, including approximate valuations and anticipated dispositions.

V. A description of liquidated and unliquidated claims of the Receivership, including the need for forensic and investigatory resources, approximate values of those claims, and anticipated methods of enforcing such claims.

VI. A list of known creditors of the Receivership.

VII. The status of creditor claims proceedings.

VIII. The Receiver's recommendations for continuation of the Receivership.

I. **SUMMARY OF OPERATIONS OF THE RECEIVER, INCLUDING SIGNIFICANT DEVELOPMENTS DURING THE QUARTER**

A. **General Developments**

1. **Claw Back Actions**. As previously reported, the Receiver and his team have filed numerous claw back actions against approximately 124 different investors seeking

recovery of amounts they were paid in excess of their actual investments. As discussed in more detail below[1], the Receiver continues to work closely with net winners and their counsel to secure favorable resolutions of such actions.

   **2.**  **Second Interim Distribution**. As set forth in more detail in Section III below, the Receiver is pleased to report to the Court that he has made a second interim distribution to Class 4 Claimants in the amount of $5,892,244.83, bringing the total amount distributed to Claimants to nearly twenty-eight million dollars.

  **B.**  **Liquidation of Real Property**. The Receiver did not liquidate any real property during this quarter. Other than the personal residence owned by Joshua Rust, the Receiver believes he has liquidated all real property in the Receivership Estate.

  **C.**  **Liquidation of Tangible Personal Property**. The Receiver did not liquidate any tangible personal property during this quarter. Other than certain coins owned by Joshua Rust, the Receiver is not aware of any remaining personal property of material value but continues to look for any such property.

  **D.**  **Recovery and Sale of Other Receivership Property.**

   **1.**  **Investor Communications**. The Receiver continues to post updates to the Receivership's website (rustrarecoinreceiver.com) when filings are made with the Court. The Receiver has also distributed by email copies of all filings and notices to the approximately 800 individuals listed on the Receiver's master mailing matrix. The Receiver also continues to communicate with investors about objections and proposed actions. The Receiver has also filed

---

[1] *See* Section V.

all objections on behalf of investors, when required by the Court's Summary Disposition Procedures.

      2.    **Tax Issues**. The Receiver continues to work with his accountants at Berkley Research Group ("BRG") to ensure the Receivership's various tax obligations are being met, including the amounts owed in relation to any Receivership property and the amounts associated with the business entities still within the scope of the Receivership Estate.

      3.    **Discovery Productions and Redaction**. The Receiver has compiled and produced a vast number of documents, including financial statements and investor communications, for the benefit of the Court, investors, and net winners in claw back actions. Currently, over 300,000 documents have been reviewed for production. In addition to the substantial amount of time reviewing, compiling and producing documents, the Receiver has also completed a large-scale redaction of documents. In an effort both to ensure the privacy of hundreds of victims and minor children, while still respecting the rights of net winner litigants to documents, the Receiver has created a set of redacted documents for production in his ancillary litigation proceedings. These documents have been redacted for social security numbers, birth dates and account numbers of investors.

    **II.**    **SUMMARY OF THE CURRENT FINANCIAL CONDITION OF THE RECEIVERSHIP**

The Receiver had sufficient cash during this quarter to cover all expenses of the Receivership Estate and believes that he will continue to have sufficient cash in the Estate to cover all foreseeable expenses. The Receiver is not concerned that the Estate will be unable to cover its ongoing expenses as the Receiver, his counsel, and his accountants at BRG have voluntarily agreed to refrain from taking any fees until the Estate recovers at least three times the

amount of their fees. Through the end of the quarter, the Receiver and his team's efforts have recovered approximately $54 million for the Receivership Estate.

### III. DESCRIPTION OF RECEIPTS AND DISBURSEMENTS

1. The Receiver is pleased to announce to the Court that on December 23, 2024, the Receiver made a second interim distribution in the amount of $5,892,244.83 to Class 4 Claimants, which are unsecured creditors and defrauded investors. This second interim distribution brought Class 4 claimants to 30% recovery under the court-approved rising tide methodology.

2. The Receiver anticipates making additional distributions in the future from the Receivership Estate, but at this time, he does not know when such distributions will be made or the amount to be distributed. The timing and amount of future distributions will be determined in the coming months as pending litigation and remaining disputed claims are resolved.

3. The Receiver continues to collect outstanding accounts receivable for the Receivership Defendants. A schedule of the receipts and disbursements of the Receiver is attached hereto as **Exhibit A**.

4. As previously reported, the Receiver believes that he has identified most, if not all, of the physical assets that fall within the scope of the Receivership Estate.

### IV. DESCRIPTION OF ALL PHYSICAL RECEIVERSHIP PROPERTY

Other than personal assets of Joshua Rust, no physical assets of any material value remain in the Receivership Estate. If and when the Receiver is able to sell any remaining physical assets, their value will be determined by what an arms-length buyer is willing to pay.

## V. DESCRIPTION OF LIQUIDATED AND UNLIQUIDATED CLAIMS

1. As previously reported to the Court, over 80 different investor groups and several hundred individual investors have been identified in this matter.

2. Based on the net winner analyses provided by BRG, the Receiver identified millions of dollars of net winner claims which the Receiver continues working to recover.

3. The Receiver has engaged in formal and informal settlement negotiations with many net winners, while protecting the Receivership Estate's interest with tolling agreements. Many of these negotiations have resulted in recoveries for the Receivership Estate, and others have reached impasses resulting in the Receiver filing additional ancillary actions in order to move matters forward.

4. As part of the Receiver's recovery efforts, scores of ancillary lawsuits have been filed against potential claw back defendants of the Receivership Estate. In total, these actions include numerous separate claw back filings against over 100 different investors. The Receiver and his team continue to either prosecute these claims or settle them when favorable terms can be reached.

5. As set forth above and in prior reports, the Receiver made a significant effort to minimize the number of necessary filings by coordinating the execution of over 170 tolling agreements with various investors. The Receiver has terminated all tolling agreements with net winners and has commenced litigation against those parties. The Court granted the Receiver's motion to terminate three tolling agreements, paving the way for the Receiver to bring claims against these parties. *See* Dkt. No. 552.

6. As a result of the Court granting the Receiver's Motion for Settlement Authority (*See* Dkt. No. 271), and the Receiver's ongoing settlement efforts, this quarter the Receiver entered into two settlement agreements that recovered approximately $196,800. The Receiver continues to finalize settlement agreements and negotiate with investors and creditors. These agreements attempt to get the largest return of funds while minimizing administrative burden to the Receivership Estate. The Receiver remains hopeful that much of the outstanding fraudulently transferred funds will be recovered without having to incur the cost of formal litigation.

## VI. LIST OF KNOWN CREDITORS OF THE RECEIVERSHIP

As previously reported to the Court, the Receiver initiated the claims process which included a claims deadline of October 4, 2019. As a result of this process, the Receiver received approximately 627 claim forms from potential claimants and creditors of the Receivership Estate.

## VII. STATUS OF CREDITOR CLAIMS PROCEEDINGS

As set forth above, the Receiver and his team have successfully completed the claims analysis process. Only three unresolved claims remain, which are either involved in claw back litigation or are stayed by the Court. The Receiver continues to diligently resolve each unresolved claim while minimizing expenses to the Receivership Estate

## VIII. RECOMMENDATION TO CONTINUE THE RECEIVERSHIP

Now that the Receiver has liquidated most, if not all, of the physical assets in the Estate, the Receiver's main focus is on recovering a significant amount of funds from various claw back defendants. The Receiver anticipates that the continuation of the Receivership will generate a

significant amount of additional funds that will ultimately be distributed for the benefit of Claimants. Accordingly, the Receiver recommends the continuation of the Receivership.

DATED this 30th day of January 2025.

                              PARR BROWN GEE & LOVELESS

                              By: */s/ Joseph M.R. Covey*
                                   Joseph M.R. Covey
                                   101 South 200 East, Suite 700
                                   Salt Lake City, UT 84111
                                   (801) 532-7840
                                   jcovey@parrbrown.com
                                   Attorney for Receiver Jonathan O. Hafen

## CERTIFICATE OF SERVICE

I hereby certify that service of the above RECEIVER'S TWENTY-FIFTH QUARTERLY STATUS REPORT was (1) emailed to all those on the master mailing matrix maintained by the Receiver; (2) posted on the Receiver's website (rustrarecoinreceiver.com); and (3) electronically filed with the Clerk of the Court through the CM/ECF system on January [31], 2025, which sent notice of the electronic filing to all counsel of record, as indicated below:

Kristen R. Angelos
UTAH FEDERAL DEFENDER OFFICE
46 W Broadway, Ste 110
Salt Lake City, UT 84101
(801) 524-4010
Kris_angelos@fd.org

Walter F. Bugden
BUGDEN & ISAACSON LLC
445 E 200 S, Ste 150
Salt Lake City, UT 84111
(801) 467-1700
wally@bilaw.net

Jennifer Juniper Chapin
COMMODITY FUTURES TRADING COMMISSION
4900 Main Street, Ste 500
Kansas City, MO 64112
(816) 960-7746
jchapin@cftc.gov

Tara L. Isaacson LLC
BUGDEN & ISAACSON LLC
445 E 200 S, Ste 150
Salt Lake City, UT 84111
(801) 467-1700
tara@bilaw.net

Andrew G. Deiss
DEISS LAW PC
10 W 100 S, Ste 425
Salt Lake City, UT 84101

(801) 433-0226
adeiss@deisslaw.com

Sean N. Egan
South Temple Tower, Ste 1505
136 E South Temple
Salt Lake City, UT 84111-1139
(801) 363-5181
seannegan@sneganlaw.com

Kristen R. Angelos
FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
46 W Broadway, Ste 110
Salt Lake City, UT 84101

Paula Woodland Faerber
UTAH ATTORNEY GENERALS OFFICE
160 E 300 S, 5th Floor
Salt Lake City, UT 84114
(801) 366-0248
pfaerber@agutah.gov

Jacob L. Fonnesbeck
SMITH WASHBURN LLP
8 E Broadway, Ste 320
Salt Lake City, UT 84111
(801) 584-1800
jfonnesbeck@smithwashburn.com

Robert K. Hunt
UTAH FEDERAL DEFENDER OFFICE
46 W Broadway, Ste 110
Salt Lake City, UT 84101
(801) 524-4010
robert_hunt@fd.org

Jennifer R. Korb
UTAH ATTORNEY GENERAL'S OFFICE
160 E 300 S, 5th Floor
Salt Lake City, UT 84114
(801) 366-0310
jkorb@agutah.gov

Monique McElwee
COMMODITY FUTURES TRADING COMMISSION
4900 Main Street, Ste 500
Kansas City, MO 64112
(816) 960-7760
*mmcelwee@cftc.gov*

Corey Drew Riley
DEISS LAW PC
10 W 100 S, Ste 425
Salt Lake City, UT 84101
(801) 433-0226
*criley@deisslaw.com*

John Robinson, Jr.
DEISS LAW PC
10 W 100 S, Ste 425
Salt Lake City, UT 84101
(801) 433-0226
*jrobinson@deisslaw.com*

Thomas L. Simek
COMMODITY FUTURES TRADING COMMISSION
4900 Main Street, Ste 500
Kansas City, MO 64112
(816) 960-7760
*tsimek@cftc.gov*

Jessica Stengel
FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
46 W Broadway, Ste 110
Salt Lake City, UT 84101
(801) 524-4010
*jessica_stengel@fd.org*

Megan K. Baker
DORSEY & WHITNEY LLP
111 S Main Street, 21st Floor
Salt Lake City, UT 84111-2176
(801) 933-7360
*baker.megan@dorsey.com*

D. Loren Washburn

SMITH WASHBURN LLP
8 E Broadway, Ste 320
Salt Lake City, UT 84111
(801) 584-1800
*lwashburn@smithwashburn.com*

Steven T. Waterman
DORSEY & WHITNEY LLP
111 S Main Street, 21st Floor
Salt Lake City, UT 84111-2176
(801) 933-7360
*waterman.steven@dorsey.com*

David C. Castleberry
OGLETREE DEAKINS NASH SMOAK & STEWART PC
2050 S 1300 E, Ste 500
Salt Lake City, UT 84106
(801) 658-6100
*david.castleberry@ogletreedeakins.com*

Wayne Klein
KLEIN & ASSOCIATES
PO Box 1836
Salt Lake City, UT 84110
801-824-9616
*wklein@kleinutah.com*

    /s/ Joseph M.R. Covey
    Joseph M.R. Covey